## 43620.   GHITTER v. EDGE.

WHITMAN, Judge. The appeal in this case is by the plaintiff below and is taken from an order of the trial court which simultaneously (1) overruled plaintiff's motion for summary judgment, and (2) dismissed plaintiff's petition.

Plaintiff's suit alleges that defendant is indebted to him by virtue of certain promissory notes which defendant refuses

to pay and which are past due. Copies of the notes are attached to the complaint as exhibits. The complaint also alleges that notice was given the defendant in accordance with *Code Ann.* § 20-506 and asks for attorney's fees in addition to principal and interest.

The actions taken by the trial court in the order appealed from are enumerated as error. *Held:*

1. The trial court's order assigns no specific reason for its dismissal of the complaint. The record shows that the defendant filed a general demurrer on the ground that the petition set forth no cause of action.

However, in reviewing the enumeration of errors this court must apply the new rules of the Civil Practice Act regardless of when the judgment was entered below. *Hill v. Willis,* 224 Ga. 263, 264 (1) (161 SE2d 281). (It appears that the trial court also applied the new rules as its order was entered on February 20, 1968, after the effective date of the Civil Practice Act, without a determination, so far as the record shows, to apply the old procedure, as might have been done. See Ga. L. 1966, pp. 609, 671; *Code Ann.* § 81A-186).

Under the new rules demurrers have been abolished. Ga. L. 1966, pp. 609, 618 (*Code Ann.* § 81A-107 (c)). Instead all defenses to a pleading must be asserted in any required response to the pleading except that certain defenses, at the option of the pleader, may be made separately by a written moton, to wit: (1) Lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, and (7) failure to join an indispensable party. Ga. L. 1966, pp. 609, 622 (*Code Ann.* § 81A-112 (b)). A motion to the court must "state with particularity the grounds therefor." Ga. L. 1966, pp. 609, 618 (*Code Ann.* § 81A-107 (b)).

The defendant's general demurrer herein will be regarded as a motion to dismiss under the Civil Practice Act. The ground of the general demurrer is failure to state a cause of action. However, without more particularity it can not be regarded as having raised any of the above enumerated defenses except No. 6. Therefore, we may regard the general demurrer for failure to state a cause of action as a motion to dismiss for failure to state a claim for which relief may be granted. When

the sufficiency of the complaint is thus questioned, the new rules require that it be construed in the light most favorable to the plaintiff with all doubts resolved in his favor even though unfavorable constructions are possible. Not unless the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts should the complaint be dismissed. *Harper v. DeFreitas*, 117 Ga. App. 236 (1) (160 SE2d 260).

The complaint, in substance, states that the defendant is indebted to the plaintiff for principal and interest on a series of promissory notes, all of which are past due, copies of which are attached as exhibits. The complaint also asked for attorney's fees and alleged that notice of such after maturity was given the defendant in accordance with *Code Ann.* § 20-506. These allegations state a claim for relief. See Ga. L. 1966, pp. 609, 671 (*Code Ann.* § 81A-303) for all that is required.

2. Each of the promissory notes sued upon recites "We promise to pay" and each is signed by Kenneth Edge, J. S. Derrick and Chester Gunby, apparently as principal makers. Appellee relies upon *Bank of LaFayette v. Giles*, 208 Ga. 674 (5) (69 SE2d 78), holding that: "Where a promissory note which recites, 'We promise to pay,' is signed by two or more persons, and there is nothing to show that the signers are not principal makers, the note prima facie is a joint, and not a joint and several, undertaking. An action can not be maintained against one of the makers alone, where it does not appear that the others can not be served." Appellee's brief cites several other cases as holding likewise and takes the position that the present suit shows that it is brought against only one of the makers without accounting in a legal way for not joining the others, and therefore no action can be maintained.

However, the promissory notes sued upon were executed after the effective date of the Uniform Commercial Code and are governed thereby. *Code Ann.* § 109A-3—118 (e) (Ga. L. 1962, pp. 156, 245), provides that: *"Unless the instrument otherwise specifies,* two or more persons who sign as maker . . . as a part of the same transaction are *jointly and severally liable* even though the instrument contains *such words* as 'I promise to pay.' "  (Emphasis supplied.) Appellee contends that the use of the words "We promise to pay" in the notes is a sufficient specification of the manner in which the makers agreed to be held liable. We can not agree. Such

is but an indirect specification by reference to the meaning which the words "we promise" held in the prior law. We understand the Code section to mean that whenever two or more persons sign as maker they are jointly and severally liable unless the instrument in its own language specifies the obligation differently, e.g., "we jointly promise . . ." or "we promise severally. . ."

Each of the three makers of the notes sued upon was jointly and severally liable. Therefore an action can be maintained against appellee alone and the fact that the other two makers were not joined or legally accounted for affords no basis for a dismissal of the action.

3. Denial of plaintiff's motion for summary judgment is also enumerated as error. Plaintiff's affidavit in support of his motion avers that the notes upon which he sued represent a portion of the unpaid purchase price of merchandise and fixtures he sold to the makers for $3,000; that the total purchase price was secured by a series of promissory notes; and that some notes were paid, thereby reducing the unpaid portion of the purchase price to an amount represented by the unpaid notes attached to the plaintiff's petition, which total $2,100. The affidavit further states that the plaintiff orally agreed with makers Gunby and Edge that he would not take action against either of them on the unpaid notes if and only if each would pay the sum of $700; that Gunby has paid $700 but Edge paid only $200 and has refused to make any other payment; and that there still remains a balance due of $1,200 after crediting the $700 paid by Gunby and the $200 paid by Edge.

Edge also moved for summary judgment and in an affidavit stated that the oral agreement was in substitution of any indebtedness for which the promissory notes were executed; that he paid plaintiff $200 and, in addition, plaintiff took possession of certain merchandise valued at $400; that plaintiff has refused to credit the $200 and $400 amounts against his $700 indebtedness or to surrender the notes which he executed; and that he refused to make any further payments until plaintiff had given him the proper credit.

Defendant's answer to the complaint admits that he is indebted to the plaintiff but for not more than $100.

On the hearing of the motion for summary judgment the record shows that the court, over the plaintiff's objection, received

in evidence and considered the record in a suit previously brought by plaintiff on the same promissory notes against maker John Derrick, which suit terminated in a default judgment against Derrick for $2,100, plus interest and attorney's fees. Under the ruling which we make in Division 1 that the defendants were jointly and severally liable to plaintiff, the fact of such suit was irrelevant unless it should appear that a satisfaction of the judgment had been obtained, and nothing in the record or in any evidence presented indicated that there had been any satisfaction of it. The prior suit against Derrick is no bar to the present action. *Bank of Madison v. Bell*, 30 Ga. App. 458 (118 SE 439).

4. The promise by defendant to pay $700 under the subsequent agreement was a promise to do the same or less than he was already obligated to do under the original agreement. In this there was no benefit to the plaintiff or detriment to defendant which would be a sufficient consideration to support any reliance on a new agreement to pay only $700 rather than the amount for which he was legally liable on the notes. *Bowdon Oil & Fertilizer Co. v. Bank of Bowdon*, 32 Ga. App. 206 (122 SE 723); *Quillian v. Mabry*, 88 Ga. App. 817 (78 SE2d 97).

It was error to deny the plaintiff's motion for summary judgment with regard to liability. However, there is an issue of fact as to whether any notice for attorney's fees was given as required by statute, and also with respect to the exact amount which plaintiff has received in payment of the debt. Therefore a trial will be required to determine the amount of principal, interest and attorney's fees, if any, which may be recovered.

*Judgment reversed with direction that an order be entered granting plaintiff's motion for summary judgment with regard to liability only. Felton, C. J., and Eberhardt, J., concur.*

ARGUED MAY 6, 1968—DECIDED DECEMBER 3, 1968.

*Isaac S. Jolles,* for appellant.
*Benjamin E. Pierce, Jr., Jay M. Sawilowsky,* for appellee.