26849. TERMPLAN INC. OF WEST END v. MILLER et al.

ALMAND, Chief Justice. The appeal is from orders (a) overruling a motion to dismiss an equitable complaint, and (b) granting an interlocutory injunction.

The material allegations of the complaint are: that defendant Termplan Inc., brought suit and received a money judgment in the Civil Court of Fulton County against the plaintiff, Thomas B. Miller, Sr., individually and formerly doing business as Thomas B. Miller Sales Co.; that neither plaintiff nor any member of his household was served with a copy of the suit; that the judgment was void for lack of jurisdiction over the plaintiff; and, that based on said judgment, defendant has instituted garnishment proceedings against five named parties in the Civil Court of Fulton County.

The prayers of the complaint were to set aside the money judgment in the Civil Court and to temporarily enjoin the garnishment proceedings.

The defendant filed its answer and a motion to dismiss on the ground that plaintiff had a full, complete and adequate remedy at law.

On the hearing of plaintiff's prayers for injunctive relief the plaintiff testified by affidavit that neither he nor any resident of his household received or had been served with a copy of the complaint and summons in the Civil Court suit, and that he did not learn of the existence of said case or judgment until after the garnishments had issued. There is no denial of this evidence in the record.

Section 4 of the 1966 Civil Practice Act (*Code Ann.* § 81A-104) provides that service of process may be made by serving the defendant personally, or by leaving a copy of the complaint and summons at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.

The return of the Deputy Marshal as to service in the Civil Court suit is as follows: "I have this day served the defendant Thomas B. Miller, 1218 Eastridge, by leaving a copy of the action and summons at his most notorious place of abode in this county. Delivered same into hands of Ref Name C/F, an inmate (or colored) person, described as follows: Age, about 38 years; weight, about 125 pounds; height, about 5 feet and 5 inches; domiciled at the residence of defendant."

The affidavits of the plaintiff and his wife state that the only persons resident of 1218 Eastridge on the date of service were the plaintiff and his wife and their two minor children, the wife denying that any service was made upon her.

The evidence raised an issue of fact as to whether service of the suit had been made upon the plaintiff.

A court of equity may entertain a direct proceeding to set aside a judgment in a court of law where it is alleged that the defendant in said suit had not been legally served with process, had not waived service and had no knowledge of the proceedings. *Foster v. Foster,* 207 Ga. 519 (4) (63 SE2d 318).

The Marshal of the Civil Court of Fulton County is a party defendant in this case, but counsel for the appellants argued that the deputy marshal who made the service of process is an indispensable party.

This question was not made in the trial court nor is any error enumerated to bring the question before this court for a decision. "Where the question of an indispensable party is expressly passed upon by the trial court it will be held that the plaintiff had the necessary opportunity to seek the addition of such party, but in the absence of

any disclosure by the record of an intent to raise or pass upon such question in the trial court, such defect will be deemed an amendable defect." *Smith v. Merchants & Farmers Bank of Milledgeville,* 226 Ga. 715 (3) (177 SE2d 249).

The trial court did not err in overruling the motion to dismiss, or in granting an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 9, 1971—DECIDED DECEMBER 1, 1971.

*Richard V. Karlberg, Jr.,* for appellant.
*John K. Dunlap,* for appellees.