### 27041. SIXTH STREET CORPORATION v. CITY STORES COMPANY.

HAWES, Justice. Sixth Street Corporation sued City Stores Company in the Superior Court of Fulton County to set aside and enjoin the enforcement of a judgment rendered against it as garnishee in the Civil Court of Fulton County. The trial court sustained the defendant's motion to dismiss on the ground that the plaintiff had an adequate remedy at law in its right to sue the Marshal and Deputy Marshal of the Civil Court of Fulton County on their bonds for making an allegedly false return of service. Plaintiff appealed from that judgment. Paragraph 2 of the complaint alleges: "Plaintiff was the garnishee in Civil Action No. 156981 in the Civil Court of Fulton County, Georgia, styled: City Stores Company d/b/a Franklin Simon, plaintiff, vs. Johnny Ogletree, Sixth Street Corporation d/b/a Peachtree Manor, Garnishee. Said suit shows purported service by Deputy Marshal W. F. Edmonds on Mrs. Dunbar on April 25, 1966. However, the said Mrs. Dunbar was never served and the court obtained no jurisdiction over this defendant because of

insufficiency of service of process, and Sixth Street Corporation has never been legally served in said suit." Under the Civil Practice Act, a motion to dismiss on the ground that the complaint fails to state a claim upon which relief can be granted ought not to be sustained unless it can be said that under no conceivable state of facts which the plaintiff might prove under the allegations of the complaint would he be entitled to any relief. *Harper v. DeFrietas,* 117 Ga. App. 236 (1) (160 SE2d 260); *Ghitter v. Edge,* 118 Ga. App. 750 (165 SE2d 598); *Ansley v. Moss,* 121 Ga. App. 43 (172 SE2d 654). Plaintiff alleged that it had no adequate remedy at law. No motion for a more definite statement (*Code Ann.* § 81A-112 (e)) was filed and it cannot be said that under all conceivable circumstances a suit on the bonds of the marshal and the deputy marshal would afford the plaintiff as full, complete and adequate relief as would a decree setting aside the judgment in the garnishment case. If the plaintiff here was in fact not served in the garnishment proceeding, the judgment against it was utterly void as it never became a party thereto. A complaint in equity is an available remedy to set aside a judgment rendered against the complainant by reason of fraud, accident or mistake or the acts of the adverse party unmixed with the negligence or fault of the complainant. *Termplan, Inc. v. Miller,* 228 Ga. 428 (186 SE2d 102); *Code Ann.* § 81A-160 (e). Cf. former *Code* §§ 37-219 and 110-710, and see *McKnight v. Wilson,* 158 Ga. 153 (3) (122 SE 702). If it should appear upon the trial of the case that the judgment against the plaintiff is grossly in excess of the amount of the bonds of the officers responsible for the false entry of service, it would seem to be plain that a suit on their bonds would not afford the plaintiff as complete and adequate a remedy as would a decree setting aside the judgment. It follows that the judgment appealed from was erroneous and must be reversed.

*Judgment reversed. All the Justices concur, except Gunter, J., who dissents.*

ARGUED FEBRUARY 15, 1972—DECIDED APRIL 20, 1972—
REHEARING DENIED MAY 3, 1972.

*Arnall, Golden & Gregory, H. Fred Gober,* for appellant.
*Morris Brown,* for appellee.

GUNTER, Justice, dissenting. This appeal results from a judgment below dismissing the appellant's complaint which sought to set aside and enjoin the enforcement of a judgment against the appellant which had previously been obtained by the appellee against the appellant in another court.

The present complaint alleged that the judgment should be set aside and its enforcement enjoined for one reason only: The return of service in the suit in which judgment was obtained showed proper service on appellant's agent by the service officer, but the appellant's agent was not in fact served.

I am of the opinion that the trial court properly dismissed this complaint. It failed to state a claim for which relief can be granted.

The Civil Practice Act (Rule 60) prescribes how parties can obtain relief from judgments. This rule provides that a judgment void on its face may be attacked in any court by any person, but that is not the situation here. The judgment attacked in this case is not void on its face.

This rule then provides that in all other instances, judgments are subject to attack only by a direct proceeding that is brought by three prescribed methods: By motion for new trial, by motion to set aside the judgment, or by a complaint in equity.

The present complaint under review used the complaint-in-equity method.

Subsection (e) provides that a complaint in equity may be brought to set aside a judgment for fraud, accident or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant.

I interpret this language to mean that the complaint in

equity can *only* be brought successfully by alleging fraud, accident or mistake, or the acts of *the adverse party;* unless the complaint charges the adverse party with one of these enumerated sins, then the complaint in equity fails to state a claim.

The present complaint does not charge the adverse party with any of these; it merely charges that even though the court records show that the service officer served the appellant, the service officer did not in fact serve the appellant.

It seems to me that in this situation the appellant is relegated, under this rule, to filing a motion to set aside this judgment that it contends to be void because of the failure of the service officer to properly serve the appellant; and a motion to set aside the judgment must be brought in the court that rendered the judgment sought to be set aside.

The appellant also has a cause of action against the service officer if the service officer did not in fact serve the appellant but made a return of service to the effect that he did do so.

I would affirm the judgment of the trial court.

I respectfully dissent.