## 28703. THOMPSON v. LAGERQUIST et al.

JORDAN, Justice.

This appeal is from a judgment dismissing the appellant's complaint in Fulton Superior Court to set aside and vacate a judgment rendered against him in the Civil Court of Fulton County and to enjoin the prosecution of said judgment.

On March 22, 1972, a default judgment was rendered in the Civil Court of Fulton County against the appellant herein. Subsequent thereto, the appellee proceeded to prosecute said judgment through a garnishment proceeding against the appellant.

Thereafter, on February 28, 1973, the appellant filed this complaint in Fulton Superior Court to set aside and vacate the default judgment and to enjoin the appellant from the prosecution of said judgment.

Service was perfected in the action in the Civil Court of Fulton County by a deputy marshal who made the following return: "I have this day served the defendant Alfred Thompson, Jr., 3048 Rodenhaven Drive, N.W., by leaving a copy of this action and summons at his notorious place of abode in this County. Delivered into the hands of the maid, a female (colored person), described as follows: age, about 45 years; weight, about 140 lbs.; height, about 5′6″; domiciled at the residence of defendant . . ."

The sworn pleadings and uncontradicted evidence before the trial court show that the appellant, his wife and their minor children reside at 3048 Rodenhaven Drive, N.W., Atlanta, Fulton County, Georgia, and that there has been no other person of suitable age residing at the appellant's dwelling house; that the maid, Mildred Reese, has never resided at the appellant's dwelling house, that neither the appellant nor his wife was ever advised concerning the suit and summons until after

judgment, nor have they ever received or seen the suit and summons issued in the Civil Court of Fulton County, and that the appellant has never waived service of that lawsuit. *Held:*

Code Ann. § 81A-104 (d) (7) requires delivery of the summons and complaint "in all other cases to the defendant personally, or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." This court has strictly construed the provisions of this Code section, and rightfully so, since notice is the very bedrock of due process. In *DeJarnette Supply Co. v. F. P. Plaza,* 229 Ga. 625 (193 SE2d 852), we said that this Code section provides explicit rules for service of process and that "in the absence of service in conformity with such rules, or the waiver thereof, no jurisdiction over the defendant is obtained by the court, and any judgment adverse to the defendant is absolutely void."

In *Termplan, Inc. v. Miller,* 228 Ga. 428 (186 SE2d 102) this court stated that "a court of equity may entertain a direct proceeding to set aside a judgment in a court of law where it is alleged that defendant in said suit had not been legally served with process, had not waived service and had no knowledge of the proceedings," citing *Foster v. Foster,* 207 Ga. 519 (4) (63 SE2d 318).

In the later case of *Hatten v. Avco Financial Services,* 230 Ga. 771 (199 SE2d 259), a complaint in Fulton Superior Court to set aside a default judgment rendered in the Civil Court of Fulton County because of failure of service, and the sworn complaint and affidavits showing lack of proper service, we held that "under decisions exemplified by *Termplan, Inc. v. Miller,* supra, and *DeJarnette Supply Co. v. F. P. Plaza,* supra, the judgment of the trial court dismissing the complaint must be reversed."

Applying the above authorities to the undisputed facts in this case the trial court erred in dismissing the appellant's complaint to vacate and set aside the default judgment rendered against him in the Civil Court of Fulton County and in denying the injunctive relief sought therein.

*Judgment reversed. All the Justices concur.*

SUBMITTED MARCH 1, 1974 — DECIDED APRIL 4, 1974 —
REHEARING DENIED APRIL 16, 1974.

■

*Horton, Malone & Crim, William W. Horton,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, John A. Howard, Hoke Smith, Charles F. Reeves,* for appellees.