## 51413. ADAMS DRIVE, LTD. v. ALL-RITE TRADES, INC.

DEEN, Presiding Judge.

1. " 'After the expiration of the term at which a decree was entered, it is out of the power of the court to modify and revise it in any matter of substance or in any matter affecting the merits. A decree, during the term at which it was rendered, is said to be in the breast of the judge; after it is over, it is upon the roll.' *Carswell v. Shannon,* 209 Ga. 596 (2) (74 SE2d 850). This rule as to the finality of judgments has not been changed by the Civil Practice Act of 1966 (Code Ann. § 81A-160 (h))." *City of Cornelia v. Gunter,* 227 Ga. 464 (181 SE2d 489).

2. A judgment which is void on its face for want of jurisdiction of the court over the person of the defendant or the subject matter of the dispute is a mere nullity and may be so held by any court having it under consideration, at any time. Code § 110-709; *Royal Indem. Co. v. Mayor &c. of Savannah,* 209 Ga. 383 (2), 391 (73 SE2d 205). Otherwise, after the judgment becomes final, it must be directly attacked in equity (Code § 110-710) or by a motion in arrest or to set aside for a nonamendable defect appearing on the face of the record (Code § 110-702). Thus, if there is no jurisdiction of the court over the person of the defendant, the question may be raised by a petition in equity or a motion to set aside, with rule nisi, "in the

nature thereof." *Norris v. South Side Atlanta Bank,* 93 Ga. App. 511, 513 (92 SE2d 230). But after a judgment has become final, and the court's discretion to change or modify it ceases because a new term of court has supervened, the court can in no event set aside a judgment, unless it is absolutely void, by an ex parte order and in the absence of notice and hearing afforded to the opposite party. *Stamm & Co. v. Boaz Spinning Co.,* 129 Ga. App. 779 (2) (201 SE2d 480); *Farmers Mut. Fire Ins. Co. v. Pollock,* 52 Ga. App. 603 (2) (184 SE 383); Code § 81A-160 (f).

3. A return of service is not absolutely conclusive of the facts therein stated, and, if it is in fact void an attack on it may be made even after judgment and at a later term of court by a verified petition in equity. *Sixth Street Corp. v. City Stores Co.,* 229 Ga. 99 (189 SE2d 407). But such a return by a proper officer is evidence of a high order and "can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit." *Denham v. Jones,* 96 Ga. 130, 132 (23 SE 78); *Rupee v. Mobile Home Brokers, Inc.,* 124 Ga. App. 86 (2) (183 SE2d 34).

4. (a) The return of service on the petition in the present case reads as follows: "Served the Defendant All Rite Trades, Inc., a Corporation, by leaving a copy of the within action and summons with Milen Talent in charge of the office and place of doing business in DeKalb County, Georgia. This 9-16, 1974. J . . . S . . . Deputy Marshal." No impropriety appears on the face of the return of service. Nor can it be considered to be void because there appears on the petition a prior non est inventus return reading as follows: "Diligent search made and Defendant All-Rite Trades Inc. not to be found in the jurisdiction of this Court. This July 27, 1974. W. J. R. . . Deputy Marshal." The fact that the plaintiff indicated on the petition backing that the address of All-Rite Trades, Inc. was "c/o Richard L. West, 2572 Lawrenceville Highway, Decatur, Ga." which address was itself crossed out and another inked in, adds nothing to the defendant's case. A suit against a corporation may be served by serving the president, another officer, a managing agent or other agent. Under Code § 22-403 a corporate agent registered with the

Secretary of State may properly accept service, in addition to the above officers and agents. Further, the defendant not only failed to verify its motion to vacate the judgment, and failed to give notice to the plaintiff, but even failed to allege in the motion that Milen Talent was *not* served or that, when served, he was *not* in charge of the office and place of business of the defendant corporation. Thus the motion itself sets out no conceivable reason for vacating the judgment under any circumstances, and it is unnecessary to look to the plaintiff's further verified pleading which attached a certified annual report of All-Rite Trades, Inc., filed with the Secretary of State of Georgia, signed by Marlin Tallant as Corporate Officer and Vice President of the corporation. In fact, nowhere in this record or its accompanying briefs has the appellee suggested that the person served was not a proper officer for service.

(b) It was accordingly error for the trial judge to set aside a judgment and to deny the appellant's motion to vacate that judgment, since the judgment, being rendered at a previous term, was final; the order was ex parte without notice or opportunity to be heard, and the motion to vacate the judgment itself showed no legal grounds for the relief sought.

*Judgment reversed. Evans and Stolz, JJ., concur. Also Evans, J., concurs specially.*

ARGUED OCTOBER 29, 1975 — DECIDED NOVEMBER 21, 1975.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Suzanne G. Mason,* for appellant.
*Gilbert & Blum, Fred A. Gilbert,* for appellee.

EVANS, Judge, concurring specially.

I concur in all that is set forth in the majority opinion. But I particularly wish to add to subdivision 4(b) of the opinion.

There it is shown that at a previous term of the court, judgment was rendered for plaintiff, and after the term of court had ended, and a new term of court had begun, the defendant went to the trial judge, ex parte and without

notice to the plaintiff, and procured an order of the court which purported to vacate the judgment.

Besides the very able discussion in the opinion which shows the trial court was powerless to take such action, I do not wish to pass over lightly *the way in which it was done, to wit, ex parte and without notice to the plaintiff or its counsel.*

Is that the way to practice law in Georgia? Except when a temporary injunction is sought, or some similar remedy which is absolutely necessary to prevent losing jurisdiction of a party or the happening of some event which would cause irremediable damages, what right has a party to ever obtain a court order without notice to his adversary? And for that matter, what right has the judge to allow one to take such advantage of his adversary? Our Codes of Professional Responsibility and Judicial Conduct are plain on the subject, and are as follows: "A judge should accord to every person who is legally interested in a proceeding, or his lawyer, full right to be heard according to law, and, except as authorized by law, neither initiate nor consider *ex parte* or other communications concerning a pending or impending proceeding." Canon 3, A(4), Code of Judicial Conduct, 231 Ga. A-3. Old Judicial Canon 17 is practically to the same effect, as follows: " 'A judge should not permit private interviews, arguments or communications designed to influence his judicial action, where interests to be affected thereby are not represented before him, except in cases where provision is made by law for ex parte application.' " See *Grizzard v. Davis,* 131 Ga. App. 577, 579 (206 SE2d 853). Further, Canon 7, Rule 3-107 (Code of Professional Responsibility; Ethics Considerations, E. C. 7-35) states that " . . . an oral communication by a lawyer . . . should be made only upon adequate notice to opposing counsel." State Bar of Georgia 1971-1972, Handbook and Directory Supplement.

While the ex parte order here was served on counsel, nevertheless, there was no hearing or notice of a hearing, and the court vacated and set aside the judgment ex parte.