54402, 54430. APEX SUPPLY COMPANY, INC. v. JOHNNY LONG HOMES, INC. et al. (two cases).

Birdsong, Judge.

In case no. 54402, appellant, Apex Supply Co., appeals from that part of an ex parte order which released a garnishment directed to the National Bank of Georgia, with whom the judgment debtor, Johnny Long Homes, had an account, as well as case no. 54430, in which that part of the same ex parte order of the trial court set aside a default judgment previously entered against Johnny Long Homes. Johnny Long Homes has moved to dismiss both appeals filed by Apex Supply asserting that Apex Supply did not file its enumerations of error within the time specified by order of this court.

The facts of both cases are the same and show that one Brockman was indebted to Apex Supply Co. Apex Supply obtained a judgment against Brockman. Thereafter, Apex Supply sued out a writ of garnishment against Johnny Long Homes as Brockman's employer. Johnny Long Homes did not answer the garnishment within the 60 days contemplated by Code Ann. § 46-508 (Ga. L. 1976, pp. 1608, 1620) and a default judgment was

taken by Apex Supply against Johnny Long Homes. Thereafter Apex Supply caused a writ of garnishment to be issued to the National Bank of Georgia with whom Johnny Long Homes carried a checking account. Apparently, the threat to its bank account roused Johnny Long Homes into action. Relying upon the provisions of Ga. L. 1976, pp. 1608, 1620; 1977, pp. 783, 784, eff. July 1, 1977 (Code Ann. § 46-509), Johnny Long Homes moved the trial court to release the garnishment issued to the National Bank of Georgia and to set aside and vacate the default judgment entered against it. Johnny Long Homes in its motion admitted as due and owing Brockman a sum of $600 and paid into the court 125% of that amount, i.e., $750, as required by Code Ann. § 46-509. Though a copy of this motion was served upon Apex Supply, it was not served until the date of the order of the trial court granting the requested actions. It is not disputed that the order of the court releasing the garnishment and setting aside the default judgment followed an ex parte hearing on the motion.

Apex Supply filed both notices of appeal with the trial court on June 1, 1977, but did not file its enumerations of error in this court within the 20-day period required by Rule 14 (a) of this court. An order was issued by this court directing that the enumerations of error be filed by July 12, 1977, or that the appeals be withdrawn. The enumerations were filed with this court on July 13, 1977. *Held:*

1. The motion to dismiss in both cases is denied. Failure to file an enumeration of error within the time specified shall be subject to contempt. Failure to comply with an order to file enumerations of error shall cause the appeal to be dismissed. However, under our Rule 14 (a), the delay of a few days in the filing of an enumeration of errors, as opposed to a total failure of compliance, is not fatal to the appellant. *Foskey v. Dockery,* 143 Ga. App. 63 (1) (237 SE2d 532) (1977).

2. The enumerations of error filed by Apex Supply in both 54402 and 54430 have merit. The recent difficulty experienced with the garnishment statutes of this state dealt primarily with the failure of the statute to provide notice of hearing to the garnishee or the judgment debtor.

As was held in *Coursin v. Harper,* 236 Ga. 729, 733 (225 SE2d 428) (1976): "Judicial supervision over a proposed temporary deprivation of property, and notice and an opportunity for an early preliminary hearing after the deprivation are necessary to guard against mistaken and illegal deprivations of property. And this is true even when the victim of the deprivation is an alleged judgment debtor. The mere fact that a creditor has obtained a judgment does not give him a right to enforce that judgment by depriving the alleged judgment debtor of his property without due process of law." See *City Finance Co. v. Winston,* 238 Ga. 10 (231 SE2d 45) (1976). Code § 46-509 recognizes the need for a judicial hearing to determine whether a defaulting garnishee should be entitled to modify the default to not less than 15% of the judgment or 125% of the amount owing to the employee-debtor, whichever is greater, subject to any exemptions allowed the defendant by law. In order to establish the modified amount, the statute provides ". . . that on the trial of the motion, the burden of proof shall be on the garnishee."

This court has previously stated that it will not sanction the holding of ex parte hearings, except in the case of extraordinary matters such as temporary restraining orders and temporary injunctions. In other judicial hearings, both parties should be notified of the hearing with an opportunity of attending and voicing any objection that may be properly registered. *Grizzard v. Davis,* 131 Ga. App. 577, 578 (1) (206 SE2d 853) (1974). See also *Adams Drive, Ltd. v. All-Rite Trades,* 136 Ga. App. 703, 706 (222 SE2d 174). We conclude that the trial court deprived appellant Apex Supply Co. of due process of law in failing to afford it a hearing on the setting aside of the default and the propriety of modifying the amount of the judgment.

Inasmuch as the judgment setting aside the default judgment by ex parte order has been reversed as failing to afford appellant Apex Supply a hearing, as we perceive Code Ann. § 46-509 requires, it follows that the trial court also erred in releasing the garnishment until the propriety of the action under Code § 46-509 has been established by lawful procedures. Therefore, that portion

of the trial court's order releasing the garnishment in case no. 54402 is reversed pending the ultimate determination of the efficacy of action upon the default judgment.

The motions to dismiss are denied. The judgments in cases no. 54430 and 54402 are reversed and remanded for a hearing as required by the provisions of Code Ann. § 46-509.

*Judgments reversed and remanded with direction. Deen, P. J., and Webb, J., concur.*

SUBMITTED SEPTEMBER 7, 1977 — DECIDED NOVEMBER 2, 1977.

*Clein & Heimanson, Neil L. Heimanson,* for appellant.

*Rich, Bass, Kidd, Witcher & Billington, R. Hopkins Kidd, Casper Rich,* for appellees.