### 54510. McGOWAN v. BADCOCK CORPORATION.

SMITH, Judge.

The trial court erroneously denied appellant's motion to dismiss, alleging insufficiency of service of process; therefore, we reverse.

Appellee filed this suit to foreclose on certain personal property appellant held subject to a security interest in appellee. Ga. L. 1974, pp. 398, 400 (Code Ann. § 67-703) mandates that service of process issue as follows: "Service shall be made by said officer delivering a copy of the summons attached to a copy of the petition to the defendant personally, or if said officer is unable to serve the defendant personally service may be had by delivering said summons and petition to any person sui juris residing on the premises or, after reasonable effort if no such person is found residing on the premises, by tacking a copy of said summons and petition on the door of the premises *and on the same day of such tacking, enclosing, directing, stamping and mailing by first class mail a copy of said summons and petition to the defendant at his last known address,* if any, and making an entry of this action on the petition filed in said case." (Emphasis supplied.) The trial court found as fact that "[s]ervice of the complaint was made by tacking" and that "[n]o copy of the summons was mailed to the Defendant." The evidence

demanded these findings. However, after concluding as law that the failure to mail a copy of the summons to appellant was harmless error since she had actual knowledge of the suit and filed an answer, the court denied her motion to dismiss. The court then ordered appellant to pay appellee $50 per month and, because appellant failed to pay, issued a writ of possession awarding certain personalty to appellee.

Since no copy of the summons was mailed to appellant, the trial court was devoid of jurisdiction. The courts have strictly construed service of process requirements, as "notice is the very bedrock of due process." *Thompson v. Lagerquist,* 232 Ga. 75, 76 (205 SE2d 267) (1974). "The fact that defendant acquired knowledge of the pending suit does not cure the defective service." *Mahone v. Marshall Furniture Co.,* 142 Ga. App. 242, 243 (235 SE2d 672) (1977). In the absence of service in accordance with the statutory mandate, or the waiver thereof, the trial court acquired no jurisdiction over appellant and therefore should have granted her motion to dismiss. *DeJarnette Supply Co. v. F. P. Plaza, Inc.,* 229 Ga. 625 (193 SE2d 852) (1972).

*Judgment reversed. Bell, C. J., and McMurray, J., concur.*

ARGUED SEPTEMBER 21, 1977 — DECIDED DECEMBER 5, 1977.

*James N. Finkelstein,* for appellant.
*Hatcher, Cook & Strickland, Donald E. Strickland,* for appellee.