**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

June 25, 2020

# In the Court of Appeals of Georgia

A20A0194. PAUL v. PAUL.                                    DO-007

DOYLE, Presiding Judge.

Danyelle Howell Paul ("the Wife") filed a motion to vacate her final divorce decree, set aside the parties' settlement agreement, and reopen divorce proceedings based on fraud pursuant to OCGA § 9-11-60 (d). Scott Jason Paul ("the Husband") moved to dismiss the Wife's motion, and the superior court granted his motion. The Wife appeals, and for the following reasons, we reverse.

"We review a ruling on a motion to set aside for abuse of discretion and affirm if there is any evidence to support it."[1] However, "'we review questions of law de novo.'"[2]

The record shows that in April 2014, the Husband filed a divorce petition in the Superior Court of Cobb County. The Wife filed an answer and counterclaim , which she subsequently dismissed after the parties reached a settlement. On November 5, 2015, the trial court entered the parties' divorce decree incorporating their settlement agreement.[3]

On November 2, 2018, the Wife filed in the divorce case a verified motion to vacate the final decree, set aside the parties' settlement agreement, and reopen divorce proceedings. Relying on OCGA § 9-11-60 (d) (2), which allows for judgments to be set aside due to fraud by the opposing party, the Wife argued that the

---

[1] (Citations and punctuation omitted.) *Vagile v. Addo*, 341 Ga. App. 236, 240 (2) (800 SE2d 1) (2017).

[2] *Jordan v. State*, 322 Ga. App. 252, 256 (4) (b) (744 SE2d 447) (2013).

[3] In his appellate brief, the Husband contends that he filed a separate contempt action to enforce the decree in the Superior Court of Cobb County in *Paul v. Paul*, Case No. 17-1-1336-52, and that the parties have filed multiple motions and pleadings in that case. These contentions are not, however, supported by citation to the record, and the pleadings do not appear to be included in the appellate record.

2

Husband had concealed certain assets from her and that she would not have signed the settlement agreement had she known of those assets. The motion was timely filed three days before the expiration of the three-year period for filing such motions.[4] The Wife provided the Husband's attorney with a copy of the motion to set aside, but she did not effect personal service on him until February 5, 2019, a few weeks before the March 1, 2019 hearing.

On December 17, 2018, in a limited/special appearance in the case, the Husband moved to dismiss the Wife's motion, arguing that it should have been filed as a new action and thus, timely personal service on him was required pursuant to OCGA § 9-11-60 (f). The Wife did not file a response to the motion to dismiss.

On May 3, 2019, following a hearing, the superior court granted the Husband's motion to dismiss and denied the Wife's motion to set aside, concluding that the final judgment and divorce decree "terminated the litigation with prejudice, resolving all pending issues between the parties and closing the action." The trial court also found that although the Husband had reasonable notice that the Wife had filed the motion to set aside, reasonable notice alone did not confer jurisdiction for the court to set aside the judgment:

---

[4] See OCGA § 9-11-60 (f).

3

The instant action had been closed for very nearly three years; hence, any attack on the [f]inal [j]udgment would need to be brought as a new action and served as an original complaint. In the absence of proper service, the [c]ourt obtains no jurisdiction over the person. To find that [the Wife] could serve the [m]otion upon [the Husband's] counsel in another, albeit related, matter would render the service language [of OCGA § 9-11-60 (f)] meaningless.[5]

The Wife filed an application for discretionary appeal, which this Court granted, and this appeal followed. The Wife argues that the trial court erred by determining that she was required to file the motion as a new civil action and personally serve it on the Husband as an original complaint. We agree.

1. *No separate action required*. First, the trial court erred by concluding that the Wife was required to file her motion to set aside as a separate action.

OCGA § 9-11-60 provides in relevant part:

(a) Collateral attack. A judgment void on its face may be attacked in any court by any person. In all other instances, *judgments shall be subject to attack only by a direct proceeding brought for that purpose* in one of the methods prescribed in this Code section.

---

[5] (Citation and punctuation omitted.) The court cited *Southworth v. Southworth*, 265 Ga. 671, 673 (3) (461 SE2d 215) (1995).

(b) Methods of direct attack. A judgment may be attacked by motion for a new trial or motion to set aside. *Judgments may be attacked by motion only in the court of rendition. . . .*

(e) Complaint in equity. The use of a complaint in equity to set aside a judgment is prohibited.[6]

"Under our law, a judgment not void on its face is subject to attack only by a direct proceeding in the court in which it was rendered. . . . If one is dissatisfied with a judgment one does not merely file a new action against the other party or his counsel. Instead, one must attack the prior judgment directly."[7] In *Rowles v. Rowles*,[8] this Court held that the court that issued the parties' divorce decree did not lack jurisdiction to rule on a subsequent motion to set aside the decree based on fraud, finding meritless the appellee's argument that the movant "was required to file a separate lawsuit to set aside the decree."[9] The same rationale applies to this case, and

---

[6] (Emphasis added.)

[7] (Punctuation omitted.) *Zepp v. Toporek*, 211 Ga. App. 169, 171 (1) (b) (438 SE2d 636) (1993).

[8] 351 Ga. App. 246, 248 (1) (830 SE2d 589) (2019) (physical precedent only as to Divisions 2, 3, 4, & 5).

[9] Id.

therefore, the trial court erred by concluding that the Wife was required to file her motion to set aside in a separate case.[10]

2. *Personal service not required*. The trial court further erred by concluding that the Wife had to personally serve the Husband with the motion to set aside as if it was an original complaint.

OCGA § 9-11-60 (f) provides:

> Reasonable notice shall be afforded the parties on all motions. Motions to set aside judgments may be served by any means by which an original complaint may be legally served *if it cannot be legally served as any other motion*. A judgment void because of lack of jurisdiction of the person or subject matter may be attacked at any time. Motions for new trial must be brought within the time prescribed by law. In all other instances, all motions to set aside judgments shall be brought within three years from entry of the judgment complained of.[11]

Here, as we concluded in Division 1, the Wife properly filed this case as a motion in the original divorce case. Therefore, the issue is whether she was able to

---

[10] See id. See also *White v. White*, 274 Ga. 884 (2) (561 SE2d 801) (2002) (reviewing a motion to set aside as a valid post-judgment motion in a divorce case).

[11] (Emphasis added.)

6

legally serve the Husband with a copy of the motion "as any other motion"[12] pursuant

to OCGA § 9-11-5, which governs the service and filing of pleadings subsequent to

the original complaint and permits a party to serve a written motion upon a party's

attorney.[13] It is undisputed that the Wife provided the Husband's attorney, who was

still actively representing the Husband in his family law litigation with the Wife, with

a copy of the motion by U. S. mail and via the Odyssey electronic filing system.

Nonetheless, the Husband argues that the Wife was required to personally serve

him with the motion to set aside as an original complaint because it was filed outside

the term of court in which the divorce decree was entered. There is no authority for

this argument.[14]

The Husband also argues (and the trial court found) that service of the motion

via mail and electronically on his attorney was insufficient because the divorce case

---

[12] OCGA § 9-11-60 (f).

[13] See OCGA § 9-11-5 (a), (b).

[14] The cases cited by the Husband in his brief — *Benton v. State Highway Dept.*, 220 Ga. 674 (141 SE2d 396) (1965); *Williams v. Cook*, 209 Ga. 718 (1), (2) (75 SE2d 545) (1953); *Roberts v. Roberts*, 150 Ga. 757 (105 SE 448) (1920); *Adams Drive, Ltd. v. All-Rite Trades, Inc.*, 136 Ga. App. 703 (222 SE2d 174) (1975) — are inopposite and do not require a different result.

7

was closed by virtue of the entry of the final judgment,[15] and therefore, the attorney no longer represented him in the divorce case.[16] In response, the Wife maintains that the divorce case was still open because the Husband failed to file a civil case disposition form with the divorce decree.

OCGA § 9-11-58 (b), which addresses when judgment is entered in a civil case, provides in relevant part:

> *The filing with the clerk of a judgment, signed by the judge, with the fully completed civil case disposition form constitutes the entry of the judgment, and, unless the court otherwise directs, no judgment shall be effective for any purpose until the entry of the same, as provided in this subsection.* As part of the filing of the final judgment, a civil case disposition form shall be filed by the prevailing party or by the plaintiff

---

[15] The Husband points out that the divorce case was considered "closed" by the trial court clerk's office when the motion to set aside was filed. We note, however, that the case was listed as "open" when the Husband's attorney called the clerk's office to inquire about the status of the case, and the clerk's office changed it to "closed" after the phone call. Regardless, the clerk's designation on the docket is not what determines whether a case is legally closed for purposes of our analysis. See, e.g., OCGA § 9-11-58 (b).

[16] We note that the Husband's attorney never represented to the trial court that he did not represent the Husband in the related litigation with the Wife, but instead only that he no longer represented him in the divorce case because it was closed. In fact, the Husband suggested in his motion to dismiss the Wife's motion to set aside that she never requested that the Husband or his attorney execute an acknowledgment of service, thereby implying that his attorney would have had authority to do so.

8

if the case is settled, dismissed, or otherwise disposed of without a prevailing party; provided, however, that the amount of a sealed or otherwise confidential settlement agreement shall not be disclosed on the civil case disposition form. The form shall be substantially in the form prescribed by the Judicial Council of Georgia.[17]

Thus,

the clerk is directed to refrain from entering judgment until such a form has been filed. And, the statute imposes no penalties for a failure to file. A party who has prevailed by obtaining a judgment, obviously, has a built-in motivation for filing the civil case disposition form: until the judgment is entered in compliance with OCGA § 9-11-58 (b), it is ineffective[,] and the prevailing party cannot collect on or enforce the judgment.

Here, the Husband — the petitioner in the divorce case — did not file a civil case disposition form with the final divorce decree. Therefore, the case remains "open" for purposes of determining service of the motion to set aside. The Husband's attorney had not filed a notice of withdrawal in the divorce case, and it is undisputed

---

[17] (Emphasis added.) Of course, the filing of or the failure to file, the civil case disposition form does not affect the deadlines for filing a notice of appeal or a motion for attorney fees under OCGA § 9-15-14. See *Horesh v. DeKinder*, 295 Ga. App. 826, 828-830 (1) (673 SE2d 311) (2009) (holding that a prevailing party cannot collect or enforce a judgment until the judgment is entered in compliance with OCGA § 9-11-58 (b)).

9

that the attorney represented him in related litigation involving the Wife at the time the motion to set aside was filed. Under these circumstances, the Wife was not required to personally serve the motion to set aside on the Husband as an original complaint and, pursuant to OCGA § 9-11-5, she was permitted to serve him by providing his attorney with a copy of the motion. The trial court erred by concluding otherwise.

*Judgment reversed. Hodges, J., concurs. McFadden, C. J,. concurs fully in Division 1 and specially in Division 2.\**

**\*DIVISION 2 OF THIS OPINION IS PHYSICAL PRECEDENT ONLY. SEE COURT OF APPEALS RULE 33.2.**

A20A0194. PAUL v. PAUL.

M<small>C</small>F<small>ADDEN</small>, Chief Judge, concurring fully in part and specially in part.

I concur fully in Division 1 of the majority opinion in which the majority correctly holds that the Wife properly filed her motion to set aside as a motion, rather than a separate action. And I concur in the judgment of Division 2, in which the majority correctly holds that personal service was not required and that the Wife was authorized to "serve the Husband with a copy of the motion 'as any other motion'

pursuant to OCGA § 9-11-5, which governs the service and filing of pleadings subsequent to the original complaint and permits a party to serve a written motion upon a party's attorney."

But unlike the majority, I would not adopt the Wife's argument that she was so authorized because the case was still open (for want of the form required by OCGA § 9-11-58 (b), the entry of judgment statute). I would reject the premise of the holding her argument challenges: the trial court erred in his assumption that such service is authorized only if a case is still open.

Such service is authorized by OCGA § 9-11-60 (f). That subsection, which predates the requirement of a completed case disposition form now set out at OCGA § 9-11-58 (b), expressly contemplates that motions to set aside will be brought after entry of a judgment. It provides that motions to set aside like the one before us "shall be brought within three years from entry of the judgment complained of." And it goes on to provide that a void judgment "may be attacked at any time."

So we should look to OCGA § 9-11-60 (f) for the scope of that authority — not to OCGA § 9-11-58, the entry of judgment statute. Nothing in OCGA § 9-11-60 (f) suggests that entry of a judgment or closing of a case are dispositive of whether a motion to set aside must be served like an original complaint or may be "served as

2

any other motion." OCGA § 9-11-60 (f) provides, " Reasonable notice shall be afforded the parties on all motions. Motions to set aside judgments may be served by any means by which an original complaint may be legally served if it cannot be legally served as any other motion."

Here, as the majority explains, the motion to set aside was served "as any other motion" on the attorneys who represented the Husband in regard to the judgment being attacked and who continue to represent him in related litigation between these parties. I would hold that service to be reasonable and legally authorized under OCGA § 9-11-60 (f) .