73737. SCOTT v. HUSSMANN REFRIGERATION, INC.
(357 SE2d 860)

BENHAM, Judge.

Appellant, both individually and doing business as Scott Food Store Equipment Company, entered into a distributorship agreement with appellee Hussmann Refrigeration, Inc., with Scott contracting to

be a distributor of appellee's merchandise. As part of the arrangement, appellant signed a promissory note and security agreement, which provided that repayment of the amount borrowed was to be made in part from proceeds appellant would generate by selling appellee's merchandise to third parties. When appellant defaulted on the contract, appellee sought to enforce its security agreement by repossessing and selling some of the collateral. Appellee subsequently sued appellant for the resulting deficiency and for various repurchased contracts and open accounts. Appellant counterclaimed, alleging appellee breached the contract. At trial, appellant moved for a directed verdict on appellee's claims, and was granted a partial directed verdict on the claims involving repossession and sale of certain collateral. The jury returned a verdict in appellee's favor on the remaining claims, and appellant filed this appeal after his motion for new trial on the main claims was denied. We affirm.

1. Appellant's first enumeration is that the trial court should have granted his motion for a directed verdict against appellee in its entirety since all of appellee's claims for deficiency judgment were barred, and the remaining claims were more than offset by credits appellee had given on appellant's accounts. We disagree. There was evidence that some of appellee's claims did not involve repossession and sale of collateral and so did not violate the notice provision of OCGA § 11-9-504. It was incumbent upon the jury to determine the extent to which those claims were offset by the credits to appellant's account. "If there be any evidence to support the verdict, denial of the motion [for directed verdict] is proper. [Cit.]" *Maloy v. Planter's Whse. &c. Co.*, 142 Ga. App. 69 (2) (234 SE2d 807) (1977). The trial court did not err in ruling as it did.

2. Appellant claims that the trial court should have directed a verdict in his favor on the promissory note. The note provided that appellant was to make payments to appellee from proceeds of appellant's refrigeration and other equipment sales. Citing *Wilson v. Morrison*, 29 Ga. 269 (1859), appellant argues that the note required payment from a particular source, and that since payment from that source was impossible, the note was rendered uncollectible and a directed verdict was proper. We disagree. Appellant's brief does not cite anything in the record to show that payment from the source in question has been rendered impossible, and so his contention is unsupported. It appears that the only reason appellant could not pay back the debt from the source mentioned in the promissory note was that he no longer worked for appellee and so was not in a position to make future sales. This reason is insufficient to excuse appellant's repayment of the debt he incurred. "[I]mpossibility of performance of a contract covenant personal to the promissor does not excuse nonperformance. [Cit.]" *Phillips v. Marcin*, 162 Ga. App. 202, 204 (290 SE2d

546) (1982). Moreover, *Wilson*, supra, is inapplicable to the case before us, as the note in question allows appellee to declare the amount of the unpaid balance of the loan due and payable upon the occurrence of any event of default as set forth in the accompanying security agreement. The record indicates that appellant did default, and therefore remained liable for the unpaid balance, whether he sold any merchandise or not. The trial court did not err in failing to direct a verdict in appellant's favor on this issue.

3. Appellant complains that the trial court's charge was confusing because it instructed the jury concerning the requirements of a commercially reasonable sale even though the trial court had directed a verdict in appellant's favor regarding certain deficiency claims. Since the record shows that appellant requested that the trial court give the instruction, appellant cannot now complain that it was given in error, whether it was confusing or not. *Carroll v. Hayes*, 98 Ga. App. 450 (2) (105 SE2d 755) (1958).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED MAY 22, 1987.

*Alfred N. Corriere*, for appellant.
*Stanley M. Lefco*, for appellee.