A93A1079. ADCOX SERVICE COMPANY, INC. v. ADDERHOLD.
(435 SE2d 262)

BEASLEY, Presiding Judge.

Adderhold sustained second and third degree burns while using a commercial convection steamer in the kitchen at St. Anne's Terrace retirement home, where she was employed as a cook. She sued the seller and installer of the equipment and Adcox Service Company, Inc., which serviced the steamer on two occasions. The complaint against the seller and installer was dismissed without prejudice. On interlocutory review, we reverse the denial of Adcox's motion for summary judgment.

The complaint alleged that Adcox was hired by Adderhold's employer to perform "maintenance, cleaning and preventive care to the subject steamer from the time of its installation up until the time of plaintiff's injury . . . [that appellant] was negligent in its duty to provide cleaning, preventive maintenance and purging of the drain, and specifically was negligent in failing to keep the drains . . . free from food particles, was negligent in failing to notice that the drain was of a too small diameter to provide proper drainage in accordance with the [manufacturer's] specifications . . . and failed to replace, or require or recommend replacement of the drain" to appellee's employer.

The summary judgment evidence showed that Adcox had no involvement in the installation of the steamer or the drainage system. There was no service or maintenance contract between it and St. Anne's Terrace to provide systematic or periodic maintenance of the kitchen equipment. Adcox serviced the equipment only when asked to

do so by St. Anne's Terrace. It denied any responsibility for maintaining, cleaning or providing preventive care to any of St. Anne's kitchen equipment.

Seven months prior to the incident, an Adcox service technician was called to St. Anne's Terrace to repair a deep fryer. While there, he was asked to look at the steamer because "too much steam was coming out around the door." He removed the steam door gasket, cleaned and reinstalled it, and ordered a new gasket because it did not seal. The technician did not inspect the drain on that occasion because, "they were not complaining about the drain." The steamer was operating properly when he concluded his visit.

Another technician returned about six weeks later to install the new gasket. He wrote on the invoice on that occasion: "Drain on . . . steamer is too small. Needs bigger pipe." The service technician repeated his findings to St. Anne's food service manager, who read and signed the invoice. She reported the problem to the in-house maintenance director who was to "handle the situation." Appellant was not called back to modify the drain and nothing further was done in-house to correct the defect prior to appellee's injuries, some five months later. The drainage pipe had been installed by someone in St. Anne's maintenance department.

On the day following the incident, appellant's technician was called to St. Anne's to find and correct the defect. He concluded that the steamer had been installed improperly and condemned it as dangerous. He told St. Anne's food service manager that the drain line had been improperly reduced from the factory specification of one inch, to one-quarter inch. The steamer malfunctioned, emitting water and steam due to pressure resulting from the improper drain installation. Appellant submitted a bid to St. Anne's for the cost of correcting the defect but received no response.

Appellant has discharged its burden as defendant-movant on summary judgment by deposition and affidavit testimony that there is an absence of evidence as to liability for the negligent installation or regular maintenance and repair of the drainage system. Appellee has produced no counterevidence in this regard giving rise to a triable issue of fact. OCGA § 9-11-56 (e); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Because the first service technician failed to inspect the drain when asked to "look at the steamer," appellee asserts that a question of fact remains as to whether appellant breached a duty to repair and to adequately inform of the existence of a dangerous condition. The undisputed evidence shows that appellant did advise St. Anne's of the faulty drainage system and recommended replacement, and that St. Anne's elected to remedy the defect itself, but never did so.

"In certain circumstances, an independent contractor may be lia-

ble for damages resulting from the work he has *performed or failed to perform in connection with which he has been employed.* [Cits.]" *Barry v. Stevens Equip. Co.*, 176 Ga. App. 27, 29 (2) (335 SE2d 129) (1985). However, as in *Barry*, "[appellee] does not assert, nor is there any evidence, that [her] injuries were sustained as a result of any work that was actually undertaken by [appellant]. Nor does [s]he contend that [her] injuries were sustained as a result of any failure by [appellant] to perform work which it was specifically requested to perform. Instead [appellee's] allegations of negligence are that, merely because [appellant] had knowledge of the alleged defect, it had a duty to take measures to correct the defect or warn of its danger." Id. at 29. No such duty is placed on an independent contractor. Id. In the absence of a legal duty, we need not address a second element essential to actionable negligence, i.e., "a legally attributable causal connection between the conduct and the resulting injury." *Bradley Center v. Wessner*, 250 Ga. 199, 200 (296 SE2d 693) (1982).

Appellee's reliance on *Shetter v. Davis Bros.*, 163 Ga. App. 230 (293 SE2d 397) (1982) and *Floyd v. Morgan*, 106 Ga. App. 332 (2) (127 SE2d 31) (1962), is misplaced. The former involved a contractor's liability for ignoring dangerous defects in design while constructing a swimming pool. In the latter, actionable negligence was found against an independent contractor for the faulty installation and repair of furnace. Both are inapposite.

*Judgment reversed. Cooper and Smith, JJ., concur.*

DECIDED AUGUST 16, 1993.

*Long, Weinberg, Ansley & Wheeler, Alan L. Newman, John K. Train IV,* for appellant.
*McGee & Oxford, Douglas R. Powell,* for appellee.

