A06A0748. TAYLOR v. S & W DEVELOPMENT, INC.
(632 SE2d 700)

MILLER, Judge.

In May 2004, Robert L. Taylor, Jr., by his next friend and legal guardian, Robert L. Taylor, Sr., filed personal injury claims against S & W Development, Inc. ("S & W") to recover for injuries sustained when he fell through a window installed by S & W. The trial court granted S & W's motion for summary judgment based on the expiration of the statute of repose, and Taylor appeals. Discerning no error, we affirm.

On appeal from the grant or denial of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law. *Holbrook v. Stansell*, 254 Ga. App. 553, 553-554 (562 SE2d 731) (2002).

So viewed, the evidence shows that in October 1999, Taylor fell through a plate glass window located at the front of the Athens Brew Pub and was severely injured by glass shards. The window was originally installed during a 1990 renovation project for which S & W

was the general contractor. As installed, the window allegedly violated applicable law because its size and proximity to the floor required it to be made of tempered or safety glass and not plate glass. S & W also performed renovation work at the Athens Brew Pub in 1995 and 1996, which involved removing and reinstalling many of the windows installed in 1990, but not the window that Taylor fell through.

The trial court granted summary judgment to S & W because Taylor's action was barred by the eight-year statute of repose provided for by OCGA § 9-3-51 (a). Taylor argues that the trial court erred in (i) concluding that the statute of repose barred his failure to warn claim and (ii) failing to recognize that the statute of repose did not protect S & W from later independent acts of negligence. We disagree.

1. No action to recover damages for personal injury arising out of any deficiency in the construction of an improvement to real property "shall be brought against any person performing or furnishing . . . construction of such an improvement more than eight years after substantial completion of such an improvement." OCGA § 9-3-51 (a) (3). It follows that Taylor could not bring an action in May 2004 arising out of S & W's installation of a window in 1990. See *Hanna v. McWilliams*, 213 Ga. App. 648, 652 (3) (446 SE2d 741) (1994) (defendant contractors were entitled to summary judgment because more than eight years had elapsed between the substantial completion of the allegedly defective fireplace and the plaintiff's suit). Taylor contends, however, that the statute of repose did not apply to his failure to warn claim because such a claim is based in common law, and because OCGA § 9-3-51 does not specifically bar such a claim, which he contends "is essentially continuous regardless of the time it was created." We disagree.

> Statutes of limitation are considered as beneficial and resting on principles of a sound public policy, and as not to be evaded except by the methods provided therein; indeed, they are now termed statutes of repose, and are regarded as essential to the security of all men. . . . And courts can not engraft on such statutes exceptions not contained therein, however inequitable the enforcement of the statute, without such exceptions, may be.

(Citation and punctuation omitted.) *Harrison v. Holsenbeck*, 208 Ga. 410, 412 (67 SE2d 311) (1951). Here, OCGA § 9-3-51 provides no exception for a claim based on a failure to warn. The General Assembly chose to include such an exception in the product liability statute of repose. See OCGA § 51-1-11 (c). We can only conclude that

had the legislature intended to exclude a claim based on a failure to warn from the operation of OCGA § 9-3-51, the legislature would have done so. We will not create an exception where none exists. See *Harrison*, supra, 208 Ga. at 412.

2. Taylor also contends that the statute of repose does not bar his claims because S & W decided not to replace the allegedly defective window and not to warn the owner or occupant that the window posed a danger during the 1995 and 1996 renovation. Therefore, Taylor argues, the statute of repose should only begin to run from the date of substantial completion of the renovation work in 1996. The evidence, however, shows that S & W was not hired in 1995 and 1996 to perform any work involving the allegedly defective window. Rather, the work involved removing and reinstalling a portion of the building facade so several brewing tanks could be installed inside the pub. The window that Taylor later fell through was not removed, replaced, or altered as part of the work done in 1995 and 1996.

Given the foregoing, Taylor's claim necessarily rests upon showing that S & W improperly installed the window in 1990. If the window was not defective, then there was nothing to warn of or to repair, and if S & W did not cause the defect, then it had no duty to discover and disclose the defect when it performed the unrelated work in 1995 and 1996. See *Adcox Svc. Co. v. Adderhold*, 210 Ga. App. 39, 40-41 (435 SE2d 262) (1993); *Barry v. Stevens Equip. Co.*, 176 Ga. App. 27, 29 (2) (335 SE2d 129) (1985). Because Taylor's claim ultimately arises out of an alleged defect in an improvement that S & W completed in 1990, Taylor cannot escape the application of the statute of repose by framing his claim as a breach of a duty to warn or repair. See *Adams v. Griffis*, 275 Ga. App. 364, 365 (2) (620 SE2d 575) (2005) (plaintiff's claims for negligent supervision and negligent retention were subject to the medical malpractice statute of repose because they ultimately rested upon whether the doctor's substandard medical care caused the decedent's injuries); *Gwinnett Place Assoc. v. Pharr Engineering*, 215 Ga. App. 53, 55 (1) (a) (449 SE2d 889) (1994) (although characterized as an action for indemnification, plaintiff's claim was barred by OCGA § 9-3-51 because it was the legislature's intent "to establish a reasonable outside time limit beyond which architects, engineers, and contractors are insulated from suit based upon their work in constructing improvements to real estate"). It follows that Taylor's claim was barred by the statute of repose, and the trial court did not err in granting summary judgment to S & W.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JUNE 12, 2006.

*Rogers & Goldberg, Brian D. Rogers, Michael L. Goldberg,* for appellant.

*Cook, Noell, Tolley, Bates & Michael, Edward D. Tolley, Blasingame, Burch, Garrard & Ashley, Andrew J. Hill III, Josh B. Wages,* for appellee.