## A06A1555. STATE MEDICAL EDUCATION BOARD
## v. CALABRO.
### (640 SE2d 580)

MILLER, Judge.

The State Medical Education Board (the "Board") sued Michelle McClain Calabro to recover money owed under a contract for a medical school scholarship. The trial court granted the Board's motion for summary judgment in part, finding that Calabro had breached the contract and was liable to repay the $40,000 scholarship amount and to pay $4,800 in attorney fees. The trial court denied the Board's request for treble damages, however, which ruling the Board now appeals. Since OCGA § 20-3-514 (c) allows the Board to collect treble damages as a matter of law from applicants who fail to complete their service obligations as agreed to under a scholarship contract, we reverse.

On appeal from the grant of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Pirkle v. Robson Crossing, LLC,* 272 Ga. App. 259 (612 SE2d 83) (2005).

So viewed, the evidence shows that on August 25, 1997, Calabro entered into a contract with the Board to receive a $40,000 medical school scholarship. As part of the contract, Calabro agreed that she would practice medicine full-time in a Georgia community with a population of 15,000 or less. The agreement also provided that

> if [Calabro] breaches . . . her contract by either failing to begin or failing to complete . . . her service obligation hereunder, . . . she shall be immediately liable to the State Medical Education Board for three times the total uncredited amount of all scholarship or loan payments paid hereunder. . . .

Calabro failed to practice medicine in a Board-approved location and instead accepted employment in Rome, Georgia, a community with a population that exceeds 15,000. The Board filed suit, seeking attorney fees and three times the amount of the scholarship.

The crux of this appeal is whether the treble damages clause in the scholarship contract is an impermissible penalty. The Board contends that the trial court failed to properly consider OCGA § 20-3-514 (c) in concluding that the treble damages clause was impermissible. We agree.

OCGA § 20-3-514 (c) provides that

[a]n applicant who has entered into a loan or scholarship contract with the State Medical Education Board and who breaches that contract by either failing to begin or failing to complete his service obligation under such loan or scholarship contract *shall* be immediately liable to the State Medical Education Board for three times the total uncredited amount of all such scholarship or loan payments paid to the applicant, such uncredited sums to be prorated on a monthly basis respecting the applicant's actual service and total service obligation. The State Medical Education Board may consent or agree to a lesser measure of damages for compelling reasons.

(Emphasis supplied.)

Where the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden. *City of Jesup v. Bennett*, 226 Ga. 606, 609 (2) (176 SE2d 81) (1970). Here, the language of OCGA § 20-3-514 (c) is plain and unambiguous in calling for treble damages when an applicant breaches a loan or scholarship contract with the Board by failing to begin or failing to complete his or her service obligation under the contract. Since the trial court found that Calabro had breached the scholarship contract by failing to fulfill her service obligation, the trial court was required under both the terms of the agreement and OCGA § 20-3-514 (c) to award treble damages of $120,000 to the Board. Accordingly, as the statute is clear, and this Court is bound by the mandates of the law, we must reverse the trial court's denial of summary judgment to the Board for treble damages.

*Judgment reversed. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 29, 2006 —
RECONSIDERATION DENIED DECEMBER 14, 2006.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, Stefan E. Ritter, Calandra A. Almond, Assistant Attorneys General*, for appellant.

*Brinson, Askew, Berry, Seigler, Richardson & Davis, C. King Askew, Ansel F. Beacham III*, for appellee.