A06A1531. WELLS v. ROGERS et al.
(636 SE2d 171)

SMITH, Presiding Judge.

This is an appeal from a grant of partial summary judgment under OCGA § 51-1-29.1, the immunity statute for voluntary health care providers. The issues in this case involve whether a physician and clinic are immune from suit when the negligence is alleged to have occurred in the physician's treatment of a patient's complications following an earlier surgery, and whether immunity is waived when the physician has liability insurance. Because the physician and clinic were properly granted summary judgment, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We review the grant or denial of a motion for summary judgment de novo, construing the evidence and all reasonable inferences in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (486 SE2d 684) (1997). So viewed, the relevant facts are as follows: On April 22, 2003, Janet Arvin underwent vascular surgery performed by Dr. D. Michael Rogers of the Harbin Clinic. The procedure involved a balloon angioplasty in Arvin's kidney and placement of a stent to keep the artery open. Later that day and into the next day, complications developed. After treating Arvin for the complications, Dr. Rogers decided to

transfer Arvin to the University of Alabama Medical Center for further treatment. When Arvin arrived at the Alabama hospital, she was in cardiopulmonary arrest and subsequently suffered brain damage. A week following her arrival at the Alabama hospital, Arvin's family discontinued life support and Arvin died.

Charles Wells, Arvin's brother and administrator of her estate, filed a complaint against Dr. Rogers and Harbin Clinic for negligence in failing to properly and timely treat Arvin's complications and for transporting Arvin to Alabama in an unstable condition. Dr. Rogers and the clinic moved for summary judgment on the ground that they were entitled to immunity pursuant to OCGA § 51-1-29.1 because their treatment of Arvin was voluntary and without the expectation of payment. The trial court agreed and granted the motion for summary judgment.[1]

Wells appeals, arguing that summary judgment was inappropriate because Dr. Rogers's post-operative treatment of Arvin was not voluntary. Wells argues further that because Dr. Rogers and the clinic have liability insurance, they have waived any immunity. Wells does concede, however, that Dr. Rogers and the clinic did not receive or expect payment for Arvin's treatment and that Dr. Rogers performed surgery on Arvin voluntarily.

Under OCGA § 51-1-29.1 (a) (1),

> [n]o health care provider licensed under Chapter 9, 11, 26, 30, 33, or 34 of Title 43 who voluntarily and without the expectation or receipt of compensation provides professional services . . . shall be liable for damages or injuries alleged to have been sustained by the person nor for damages for the injury or death of the person when the injuries or death are alleged to have occurred by reason of an act or omission in the rendering of such services.

Wells first argues that when Dr. Rogers treated Arvin's complications "a physician-patient relationship already existed which imposed duties that Dr. Rogers could not now choose to honor or avoid. What was now required of him was thus no longer voluntary." Such an interpretation, however, would defeat the purpose of the immunity statute and negate immunity in all cases when a physician, clearly acting voluntarily, provides subsequent post-operative treatment of a patient. We are not prepared to hold that such a result could have been the intention of the legislature.

---

[1] The trial court expressly made no ruling on Wells's amended allegations of gross negligence.

Dr. Rogers's treatment of Arvin's complications immediately following her surgery does not change the voluntary nature of the treatment as a whole. And it is reasonable to expect that a physician would continue to treat a patient following surgery. Dr. Rogers's post-operative treatment of Arvin is therefore inextricably linked to his initial voluntary treatment involving surgery, and we view his voluntary treatment of Arvin as a whole, not divided into categories of preoperative, operative, and post-operative.

Wells also argues that because Dr. Rogers and the clinic have liability insurance, they have waived immunity. It is true that under common-law charitable immunity "[a] charitable institution waives charitable immunity to the extent of any liability insurance which it carries[,]" because "[a] liability insurance policy is a non-charitable asset which is not covered by the charitable immunity doctrine." (Citations omitted.) *Ponder v. Fulton-DeKalb Hosp. Auth.*, 256 Ga. 833, 835 (2) (353 SE2d 515) (1987). No evidence was presented, however, that either Dr. Rogers or the clinic is a "charitable institution," and in any event, OCGA § 51-1-29.1 provides no such exception. Had the legislature intended to create this exception, it would have done so. "We will not create an exception where none exists." (Citation omitted.) *Taylor v. S & W Dev.*, 279 Ga. App. 744, 746 (1) (632 SE2d 700) (2006).

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 6, 2006 —

*Chambers, Aholt & Rickard, Eugene P. Chambers, Jr., Dale C. Ray, Jr.*, for appellant.

*Carlock, Copeland, Semler & Stair, Thomas S. Carlock, Eric J. Frisch*, for appellees.