A06A1751. CALABRO v. STATE MEDICAL EDUCATION
BOARD.
(640 SE2d 581)

MILLER, Judge.

The State Medical Education Board (the "Board") filed a lawsuit against Michelle McClain Calabro to recover money due under a contract for a medical school scholarship. The trial court granted the Board's motion for summary judgment, finding that Calabro breached the contract and was liable to repay the scholarship in the amount of $40,000 and to pay attorney fees of $4,800. The trial court, however, denied the Board's motion for treble damages, a ruling which this Court subsequently reversed in a separate opinion.[1]

In this case, Calabro cross-appeals the trial court's grant of summary judgment to the Board as to her liability for breach of contract. Calabro argues that the defenses of equitable estoppel, nonperformance, mutual mistake, impracticability, and impossibility bar the enforcement of the contract. Alternatively, she contends that the Board abused its discretion in failing to agree to a lesser measure of damages for breach. Discerning no error, we affirm.

> On appeal from the grant or denial of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law. *Holbrook v. Stansell*, 254 Ga. App. 553, 553-554 (562 SE2d 731) (2002).

*Taylor v. S & W Dev.*, 279 Ga. App. 744 (632 SE2d 700) (2006).

So viewed, the evidence shows that the contract Calabro entered into with the Board provided her a $40,000 medical scholarship in exchange for which she agreed to practice medicine full-time in a Georgia community having a population of 15,000 or less. If Calabro failed "to begin or . . . complete . . . her service obligation," the contract

---

[1] *State Med. Ed. Bd. v. Calabro*, 282 Ga. App. 893 (640 SE2d 580) (2006) (*"Calabro I"*).

made her "immediately liable to the [Board] for three times the total uncredited amount of all scholarship or loan payments paid [under the contract's terms]."

Here, Calabro entered into the contract and received the scholarship monies contracted for, yet failed to practice in a Board-approved community with a population of 15,000 or less. Calabro thus breached the express terms of the contract by failing to begin her service obligation thereunder. "Where the language of a contract is plain and unambiguous, [as here,] no construction is required or permissible and the terms of the contract must be given an interpretation of ordinary significance." (Citation and punctuation omitted.) *Race, Inc. v. Wade Leasing, Inc.*, 201 Ga. App. 340, 341 (1) (411 SE2d 56) (1991).

1. In opposition to the Board's motion for summary judgment, Calabro argues that the defenses of equitable estoppel, nonperformance, mutual mistake, impracticability, and impossibility foreclose the enforcement of the contract. We disagree.

As to Calabro's assertion of the defense of equitable estoppel, we first point out that estoppels are not favored in Georgia law. OCGA § 24-4-24 (a). Moreover,

> [s]ince the whole doctrine of estoppel is a creature of equity and governed by equitable principles, it necessarily follows that the party who claims the benefit of an estoppel must not only have been free from fraud in the transaction, but must have acted with good faith and *reasonable diligence*; otherwise, no equity will arise in his favor.

(Citations and punctuation omitted; emphasis in original.) *Bachrodt Realty Corp. v. Walker*, 237 Ga. 696, 697 (2) (229 SE2d 455) (1976). Calabro has come forward with no more than hearsay in support of her claim that she signed the contract upon oral misrepresentations of fact. "Hearsay is never admissible and has no probative value unless it comes within a recognized exception to the rule." (Footnote omitted.) *Barich v. Cracker Barrel Old Country Store*, 244 Ga. App. 550, 551 (1) (536 SE2d 221) (2000).

A contract may be rescinded for substantial nonperformance or material breach. *Cutcliffe v. Chesnut*, 122 Ga. App. 195, 201 (2) (176 SE2d 607) (1970). Calabro, however, has come forward with no evidence showing that she rescinded the contract. Neither is there evidence of record showing that the Board failed to provide Calabro all the funds that she was due under the contract or that any term of the contract obligated the Board to assist her in finding employment

in qualifying communities. Accordingly, Calabro fails to show that the contract should be rescinded as a result of the Board's nonperformance.

In order to plead the defense of mutual mistake of fact, Calabro was required to plead the circumstances of the mistake with particularity. "This means that the pleading must show the particular mistake and illustrate how it occurred, why the terms of the contract which the pleader[ ] insist[s] should have been inserted were left out, or how terms not agreed upon came to be inserted." (Citation and punctuation omitted.) *Leventhal v. Seiter*, 208 Ga. App. 158, 163 (5) (430 SE2d 378) (1993). This Calabro failed to do.

Neither has Calabro come forward with evidence showing a jury question as to the defenses of impracticability or impossibility. The defense of impracticability contemplates the impracticability of performance by a seller of commercial goods and is thus inapposite in the circumstances of this case. OCGA § 11-2-615; *Swift Textiles v. Lawson*, 135 Ga. App. 799 (219 SE2d 167) (1975). And "[i]mpossibility of performance of a contract covenant personal to the promissor does not excuse nonperformance." (Citation and punctuation omitted.) *Scott v. Hussmann Refrigeration*, 183 Ga. App. 39, 40 (2) (357 SE2d 860) (1987). Calabro's affidavit testimony that she could relocate to a qualifying community if the Board provided her the funds necessary to "rent a building, purchase equipment, [and] hire competent staff...," indicates that any cause of the alleged impossibility is personal to Calabro. Inasmuch as the alleged impossibility is personal to Calabro, it is unavailing as a matter of law as a defense to her contractual obligations in this case. Id.

Given the foregoing, the trial court did not err in granting partial summary judgment to the Board and against Calabro on the issue of liability. *Taylor*, supra, 279 Ga. App. at 744.

2. The contract authorized the Board to pursue treble damages for breach of the contract at issue or to seek a lesser measure of damages for reasons it deemed compelling. In *Calabro I*, we held that treble damages were called for by OCGA § 20-3-514 (c) and authorized by the contract. Given the foregoing, that the Board did not seek damages in a lesser amount for breach of the contract at issue was not an abuse of its discretion.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED DECEMBER 19, 2006.

*Brinson, Askew, Berry, Seigler, Richardson & Davis, C. King Askew, Ansel F. Beacham III*, for appellant.

*Thurbert E. Baker, Attorney General, Calandra A. Almond, Assistant Attorney General,* for appellee.