### 49773. BRIGHT v. STUBBS PROPERTIES, INC.

EBERHARDT, Presiding Judge.

Plaintiff, a real estate broker, brought this action for her commission against the purchaser, pursuant to a contract for sale of realty between purchaser and seller. In the contract, purchaser agreed "to assume and pay as it matures the then current outstanding first loan principal balance with interest . . . held by . . . Decatur Federal Savings and Loan Association." The contract also provided: "In negotiating this contract, Broker has rendered a valuable service for which reason Broker is made a party to enable Broker to enforce [her] commission rights hereunder against the parties hereto on the following basis . . . Purchaser agrees that if Purchaser fails or refuses to perform any of Purchaser's covenants herein, Purchaser shall forthwith pay Broker the full commission . . ." At the trial the purchaser testified that he was not permitted by Decatur Federal to assume the loan because of adverse credit information. In defense of the broker's action against him he contends that the assumption of the loan was a condition precedent and that its failure excuses his performance. *Held:*

The contract and the stipulation of the parties are in agreement with the finding of the trial court that the purchaser failed to perform a covenant of the contract, i.e., to assume the loan. His obligation to perform cannot be excused on the ground of impossibility. "It is generally well settled that subjective impossibility, that is,

impossibility which is personal to the promisor and does not inhere in the nature of the act to be performed, does not excuse nonperformance of a contractual obligation. Accordingly, the fact that one is unable to perform a contract because of his inability to obtain money, whether due to his poverty, a financial panic, or failure of a third party on whom he relies for furnishing the money, will not ordinarily excuse nonperformance, in the absence of a contract provision in that regard. . . The inability to control the actions of a third person whose consent or cooperation is needed for the performance of an undertaking is ordinarily not to be regarded as an impossibility avoiding the obligation . . ." 17 AmJur2d Contracts §§ 415, 416 (1964).

Parties who are sui juris are free to contract upon such terms as they may choose, so long as they do not run afoul of public policy or the prohibitions of some statute. *Camp v. Aetna Insurance Co.,* 170 Ga. 46, 50 (152 SE 41). "The courts are not authorized to declare a contract void merely because it may be unwise or even foolish. Folly is not in all cases fraud." *Equitable Loan &c. Co. v. Waring,* 117 Ga. 599 (3) (44 SE 320). That it may be unwise or disadvantageous or place a hardship on one party furnishes no reason for not enforcing the contract as made. *Yon v. City of Atlanta,* 201 Ga. 800, 804 (41 SE2d 516).

Nor is the obligation to assume the loan a condition precedent to performance; it is the performance. The cases cited by the purchaser, *F & C Investment Co. v. Jones,* 210 Ga. 635 (81 SE2d 828) and *Wehunt v. Pritchett,* 208 Ga. 441 (67 SE2d 233) involve contingencies of a future event the happening of which was within the control of the buyer. Such contracts were held to lack mutuality. Here the obligation to assume the loan is not a contingency, nor a condition but is an absolute obligation the nonperformance of which renders the purchaser liable for damages.

*Judgment affirmed. Deen and Stolz, JJ., concur.*

Submitted October 1, 1974 — Decided October 25, 1974.

*G. T. Crichton,* for appellant.
*Webb, Parker, Young & Ferguson, John Tye Ferguson,* for appellee.