63866. PHILLIPS et al. v. MARCIN.

DEEN, Presiding Judge.

In February, 1975, the defendants Robert and Zelma Phillips executed a promissory note to plaintiff Marcin for $29,963.82. The note was secured by a security deed to residential premises for a total

purchase price of $75,000. The Phillips assumed a first loan deed in the face amount of $40,000 and gave the sellers a second loan deed in an amount equal to that of the note.

The note contained an acceleration clause on failure to pay monthly installments when due. The Phillips agreed to keep the property insured for $65,000 with loss payable to Marcin, to pay all taxes when due and, on default and payment by the seller ("second party may insure said property or pay said taxes" upon default) to repay him within 30 days or suffer acceleration at the option of the seller.

The property was not insured and was destroyed by fire on September 23, 1977. The Phillips first sued Bacon, a prospective purchaser with whom they had a contract of sale, and Bacon's insurer. That case was decided in favor of the defendants. See *Phillips v. Bacon,* 245 Ga. 814 (267 SE2d 249) (1980). Meanwhile, Marcin brought the present action on the note against the Phillips, who appeal from a judgment on the pleadings in favor of the plaintiff.

1. The final judgment is the necessary result of the court's sustaining a motion in limine striking certain defenses of the Phillips. They were: (a) that the destruction of the property which was security for the note relieves them from liability; (b) that the plaintiff's action in accepting late monthly installment payments instead of demanding strict compliance with the payment schedule relieves them from liability; (c) that the plaintiff should have taken out his own policy of insurance when the defendant did not do so; (d) that the destruction of the house resulted from negligence on the part of the prospective purchaser Bacon and not from negligence on their own part; (e) that they were released from the obligation of maintaining insurance because a power of attorney from the original owner Marcin to his attorney did not arrive on the date set for the closing, thus causing a delay in the transfer of title, which included a necessary cancellation of the second loan deed from Marcin to the defendants, and lastly, that this action cannot proceed because of the outstanding first loan deed.

None of the above alleged defenses, evidence concerning which was eliminated by the trial court, constitutes a legal defense. Let us consider them in inverse order. One foreclosing on a junior loan deed would, it is true, have to pay off the senior deed in order to proceed; however, this is a simple suit on a note, not a foreclosure. In fact most of the alleged defenses, including (b), (c), (d) and (e) appear to proceed on the basis that contributory negligence exists and constitutes a defense. This is obviously legally unsustainable, as the suit is a simple suit on a note, which sounds in contract. The note contains a provision that should the debtor fail to keep insurance in

force the creditor may take out insurance to protect his interest, charging the premiums to the account of the debtor, but it does not require that this be done.

"A promissory note is an unconditional contract of the maker (appellant) to pay the holder (appellee) according to the tenor of the instrument. Code Ann. § 109A-3—413 (1). The note being an unconditional promise, the contract is complete as written; parol evidence may not be used to impose conditions which are not apparent from the face of the note." *Whiteside v. Douglas County Bank,* 145 Ga. App. 775, 776 (245 SE2d 2) (1978). Assuming for the sake of argument that it would have been more diligent on the part of the payee to have made sure that the insurance was paid by the purchaser or to have taken out his own policy, or even that it was the negligence of the appellee or his counsel which delayed the sale from appellant to a third person by failing to obtain a power of attorney to cancel the second security deed, none of these contingencies was covered by the terms of the instrument and therefore none constitutes a defense. Even impossibility of performance of a contract covenant personal to the promissor does not excuse nonperformance. *Bright v. Stubbs Properties,* 133 Ga. App. 166 (210 SE2d 379) (1974). The debt evidenced by the note is not contingent upon the continued existence of the property. Here the appellant admits the execution of the instrument and the failure to pay the amount sued for. The alleged defenses were accordingly properly stricken.

(a) The record fails to show any fraud or fraudulent misrepresentations on the part of the appellee. The appellants' contention that plaintiff's failure to insist on proper insurance coverage by the defendant was the proximate cause of loss has no relevance to the terms of the note and does not constitute a defense.

2. Appellants further contend that the motion in limine was erroneously granted without first holding a hearing. The record shows that the motion was filed by the plaintiff and thereafter responded to in writing by the defendants some weeks before the order granting it. It has been said that a motion in limine has a similar function in controlling evidence to a pretrial conference. *Harley-Davidson Motor Co. v. Daniel,* 244 Ga. 284, 285 (260 SE2d 20) (1979), and a conference is to be held upon a motion for pretrial under Code § 81A-116. This, however, more resembles a motion to strike than a motion for a pretrial conference in that it attacks the legitimacy of certain defenses alleged in the suit on the note. There is no statutory requirement that oral argument be granted in addition to the written response. Code § 81A-112. Since only a question of law was presented to the court by the motion in limine (i.e., whether

certain alleged defenses could, if supported by evidence, adversely affect the plaintiff's case) it is obvious that there was no abuse of discretion in failing to set the matter down for hearing.

3. It is further contended that the grant of a judgment on the pleadings after the ruling that no issuable defense had been alleged was error because the court had, some months earlier, denied a motion for summary judgment made on behalf of the plaintiffs. This is in effect a contention that the law of the case was established and the defenses could not thereafter be stricken. The contention is erroneous. "Where a summary judgment denies a motion for judgment but fails to state the grounds for so ruling, it cannot be held by a reviewing court to be the law of the case as to issues of fact or failure to make a prima facie case, and it will be disregarded in a case involving these questions." *Grantham Transfer Co. v. Hawes,* 225 Ga. 436 (169 SE2d 290) (1969). Nothing in Code § 81A-156 (b) limits the number of times a party may make a motion for summary judgment. *Graham &c. Co. v. Seaboard &c. R. Co.,* 150 Ga. App. 193 (2) (257 SE2d 321) (1979). The rule is all the more applicable where in the motion for summary judgment the court was considering the effect of evidence on matter asserted in the pleadings whereas under the motion in limine he was considering its admissibility as a defense to the action.

It follows that since the appellants offered no issuable defense to the action a judgment on the pleadings was proper.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED APRIL 28, 1982.

*Kenneth R. Keene,* for appellants.
*Stanley R. Lawson,* for appellee.