S94A1282, S95A0287. HUGHES v. GREAT SOUTHERN MIDWAY, INC. (two cases).
(454 SE2d 130)

SEARS, Justice.

In September 1989, the parties entered into a contract whereby Hughes would purchase from Great Southern 85 acres of real property for the sum of $340,000, upon Great Southern's obtaining appropriate rezoning. The contract provided that closing would take place "thirty days subsequent to" rezoning. The rezoning was granted in November 1989, and Great Southern tendered to Hughes the warranty deed to the property. However, adjacent landowners filed an appeal to the rezoning, and Hughes informed Great Southern that he would close on the sale only after the appeal was resolved. The appeal was resolved favorably to the rezoning in February 1991, but Hughes refused thereafter to tender the purchase price. This breach of contract action by Great Southern ensued. After hearing evidence, the trial court entered judgment in favor of Great Southern and ordered Great Southern to elect its remedy. Great Southern elected specific performance, and on February 23, 1994, the trial court ordered Hughes to pay Great Southern the purchase price of $340,000 by

March 1, 1994. Finding Hughes acted in bad faith, OCGA § 13-6-11, the trial court also awarded Great Southern $33,860.03 in attorney fees and costs ($18,661.73 related to the zoning litigation, and $15,198.30 related to the contract litigation) ("February 23 order"). Hughes appeals that order in Case No. S94A1282.

When Hughes did not perform the contract by March 1, 1994, Great Southern moved the trial court to enforce the February 23 order and to hold Hughes in contempt. Upon that motion, the trial court on May 25, 1994, awarded Great Southern a money judgment in the principal amount of $340,000, plus prejudgment interest in the sum of $73,154 and postjudgment interest calculated at 12 percent annually ("May 25 order"). Hughes appeals that order in Case No. S95A0287.

1. In Case No. S94A1282, Hughes argues that the trial court erred in finding that the parties' failure to close on the sale of the property within 30 days of the rezoning "did not constitute breach of the contract or a legal defense to specific performance." We find no error. The evidence supports the trial court's conclusion that the parties agreed to extend the closing date until the resolution of the challenge to the rezoning. See *Kusuma v. Metametrix, Inc.,* 191 Ga. App. 255 (381 SE2d 322) (1989). (A contract provision "may be waived by the *conduct* of both parties intended to result in the 'mutual disregard' of, or 'mutual departure' from the contract terms. See generally OCGA § 13-4-4." Id. at 257.) Furthermore, the trial court correctly held that Hughes's subsequent failure to tender the purchase price constituted breach of the parties' contract.

However, we find that the trial court erred in awarding attorney fees to Great Southern. First, as Great Southern concedes, the trial court lacked the authority to award attorney fees and costs incurred in connection with the zoning litigation, as those sums did not "arise out of the present action." *Alston v. Stubbs,* 170 Ga. App. 417, 419 (317 SE2d 272) (1984). In addition, the award of fees and costs incurred in connection with the contract litigation must be reversed because Great Southern "failed to prove the actual costs of the attorney and the reasonableness of those costs." *Fiat Auto U. S. A. v. Hollums,* 185 Ga. App. 113, 116 (363 SE2d 312) (1987). Great Southern's counsel testified that $15,000 represented "the money [he'd] had to expend and the time involved in the case," and that he had "done a lot of research . . . [and] always contacted someone who specialize[s] in real estate in . . . this type of litigation." However, there was no evidence of the number of hours spent on the case or the hourly fee charged, no testimony from other attorneys or other evidence "to show what constitutes a reasonable attorney fee in light of the litigation history of the case," *First Bank of Clayton County v. Dollar,* 159 Ga. App. 815, 817 (285 SE2d 203) (1981), and no evidence of any

amount having been spent on expert assistance. In short, the conclusory testimony of Great Southern's counsel is the only evidence of attorney fees, and it is insufficient.

2. In Case No. S95A0287, we find no error in the trial court's entry of a money judgment in favor of Great Southern in the same amount as the previous award in the form of specific performance, $340,000. To the extent this order did not alter the amount Hughes was obligated to pay under the February 23 order, it "was not an impermissible modification of a final judgment, . . . [but] became necessary only because [Hughes] refused to obey the first decree," *Gallogly v. Bradco, Inc.*, 260 Ga. 311 (392 SE2d 529) (1990). Also, the trial court's inclusion of postjudgment interest in the May 25 order did not constitute a modification, since postjudgment interest applies automatically to all judgments in Georgia. OCGA § 7-4-12; see also Wilburn, Ga. Law of Damages (4th ed.), § 8-10. However, prejudgment interest does not accumulate automatically. While Great Southern may have been entitled to prejudgment interest because the measure of damages from breach was ascertainable, see Wilburn, supra at § 8-2, the trial court did not award prejudgment interest in the February 23 order. Therefore, to the extent the May 25 order provides for prejudgment interest, that order is an impermissible modification of a final judgment, see *Cohran v. Carlin*, 249 Ga. 510, 512 (291 SE2d 538) (1982), and must be reversed.

*Judgments affirmed in part and reversed in part. All the Justices concur.*

DECIDED MARCH 6, 1995.

*Glaze, Glaze & Fincher, Thomas M. Conway*, for appellant.
*Dunstan, Dunstan & Cleary, J. Richard Dunstan, Groover & Childs, Denmark Groover, Jr.*, for appellee.