A99A1250. ACKERMAN v. FIRST NATIONAL BANK OF GRADY COUNTY.

(521 SE2d 221)

McMURRAY, Presiding Judge.

Plaintiff-appellee First National Bank of Grady County ("the Bank") brought this action to enforce a promissory note in the principal amount of $29,398.75, signed by defendant-appellant Janet L. Ackerman, formerly known as Janet L. Clark. Defendant answered pro se, admitting she signed the note but denying the material allegations of breach. She also counterclaimed for $151,355 in revenues allegedly lost to her veterinary practice as a result of the Bank's mismanagement of her accounts receivable.

The promissory note executed on August 25, 1996, recites it is for value received, that defendant's date of birth is May 6, 1955, and that this is a renewal of a previous loan. The principal sum was $28,398.75 and the interest rate of "Prime as herein defined plus 2.000 percent per annum." The Prime rate was stipulated as 9.250 percent as of the date of execution.

Plaintiff moved for (partial) summary judgment for the amount owing on the note on the basis of defendant's admitted signature on this promissory note, which she executed after consultation with an attorney who represented defendant during her then-pending Chapter 7 bankruptcy proceeding. The Bank's motion does not address defendant's counterclaims. In opposition, defendant submitted her affidavit, wherein she deposed that the Bank had contracted to manage defendant's business accounts receivable, which secured the loan; the value of the receivables transferred exceeded the value of the loan; but the Bank did not follow the agreed-upon collection

processes, specifically failing to exercise due diligence to pursue "past due" accounts, rendering them uncollectible, while simultaneously alienating patients in defendant's veterinary practice by pursuing as "past due" accounts that had been paid in full. Defendant also stated she was coerced into signing the reaffirmation note.

The trial court granted the Bank's motion for summary judgment as to its main claim, awarding the Bank $33,942.34 as principal and interest, $5,091.35 in attorney fees, and costs. Pursuant to OCGA § 9-11-56 (h), defendant brings this direct appeal. *Held*:

1. Defendant first contends the trial court erred in granting the Bank's motion for summary judgment as to her liability on the note, because her counterclaim exceeds her liability on that note.

The precise holding of *Tipton v. Harden*, 128 Ga. App. 517, 519 (2) (197 SE2d 746), relied upon by defendant, is that the existence of a counterclaim in excess of the amount demanded by the plaintiff is ample reason to *deny* a motion for summary judgment. But a trial court does not commit error per se by *granting* summary judgment in a case with a valid pending counterclaim. *Mock v. Canterbury Realty Co.*, 152 Ga. App. 872, 879 (1) (264 SE2d 489) (whole court).

2. Next, defendant contends there are material issues of fact regarding the enforceability of the note. We disagree.

A claim of duress must be supported by acts of the opposing party which are wrongful or unlawful. *Evans v. Merrill Lynch Business Financial Svcs.*, 213 Ga. App. 808, 810 (3) (446 SE2d 215). Economic distress does not constitute legal duress under the standard of OCGA § 13-5-6. *Tidwell v. Critz*, 248 Ga. 201, 203 (1) (282 SE2d 104); *Hovendick v. Presidential Financial Corp.*, 230 Ga. App. 502, 505 (3) (497 SE2d 269).

Defendant's conclusory allegation in her affidavit opposing summary judgment that she was coerced into signing the renewal note, reaffirming her debt to the Bank, does not recite any underlying facts supporting a finding of coercion or legal duress as would void the contract. The undisputed evidence is that defendant renewed only after consultation with her own attorney. Her own perception of the unequal bargaining power between herself and the Bank does not establish legal duress. Consequently, there is no genuine issue of material fact whether this promissory note can be enforced against defendant. The second and third enumerations are without merit.

3. The fourth enumeration contends summary judgment on the note is erroneous because the amount of damages caused by non-payment of that note remains in dispute. We do not agree.

The promissory note is enforceable in the face amount. *Commonwealth Land Title Ins. Co. v. Miller*, 195 Ga. App. 830, 833 (395 SE2d 243); *Sadler v. Trust Co. Bank of South Ga.*, 178 Ga. App. 871, 873 (2) (344 SE2d 694). Any offset in this case reducing the recovery of that

face amount of the promissory note is the subject (in part) of defendant's pending counterclaim based upon the Bank's alleged impairment of collateral, and the alleged breach of its fiduciary duty to manage the cash flow and receivables from defendant's veterinary practice. Inasmuch as the trial court's grant of partial summary judgment to the Bank does not purport to adjudicate defendant's counterclaims or otherwise to be a final judgment, we find no error. *Mock v. Canterbury Realty Co.*, 152 Ga. App. at 879 (1), supra.

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED JULY 23, 1999.

Janet L. Ackerman, *pro se.*
*Lehman & Cauley, Thomas L. Lehman*, for appellee.