A00A1104. GIBSON et al. v. HUFFMAN et al.

(540 SE2d 222)

BLACKBURN, Presiding Judge.

In this dispute between landowners, Mrs. George W. Gibson, Lucile Davis and William A. Gibson (defendants) appeal from the entry of an injunction in favor of W. M. Huffman and Stephen A. Stutts (plaintiffs) enforcing restrictive covenants which limit the use of defendants' property to agriculture and recreation and enjoining its subdivision and development. Defendants contend that the trial court erred by failing to find that: (1) they had effected a release of the restrictive covenants; (2) the deed restrictions violated the rule against perpetuities; (3) plaintiffs were guilty of laches; (4) plaintiff Stutts was barred from seeking the injunction by the equitable doctrine of unclean hands; and (5) plaintiff Huffman had no standing to enforce the covenants. For reasons which follow, we affirm.

A trial court's exercise of discretion in granting an injunction will not be interfered with, absent manifest abuse, unless the question decided by the trial court is one of law. *Slaven v. City of Buford;*[1] *Lesesne v. Mast Property Mgmt.*[2] The record shows that certain grantors, three joint tenants, conveyed the property to defendants subject to deed restrictions which limited the use of the property to farming: "Said land is also sold subject to the following restrictions: Said land shall not be subdivided nor used for any purpose except farming." The deed also provided for a method of changing the allowed use of the property, under certain conditions:

---

[1] *Slaven v. City of Buford*, 257 Ga. 100 (355 SE2d 663) (1987).
[2] *Lesesne v. Mast Property Mgmt.*, 251 Ga. 550, 551 (307 SE2d 661) (1983).

> If at any time in the future [defendants] wish to sell or change the use of the within property, [the original grantors], or any of the [residential] owners, shall have the right to purchase or repurchase the above described property from [defendants]. If [the original grantors] or the [residential owners] fail, decline or refuse to buy, the said property may be used for agricultural or recreational purposes only.

Plaintiffs are residential property owners referenced in the deed who trace their line of title to the same grantors.

Defendants planned to subdivide and develop their agricultural property for residential purposes. They obtained deed restriction releases from the original grantors or their heirs and, as provided in the deed, offered to sell their property to the designated residential property owners, including plaintiffs, none of whom pursued the offer. Plaintiff Huffman told defendants that he did not agree to the proposed change in use for defendants' property. Nonetheless, defendants graded their property and obtained a building permit. Upon learning that defendants had obtained a building permit, plaintiffs sued to enforce the restrictive covenants and enjoin defendants from developing their property. The Superior Court of Floyd County entered a judgment enforcing the restrictive covenants restricting the use of defendants' property to agriculture and recreation.

1. Defendants contend that the trial court erroneously found that they had not effected a release of the restrictive covenants with respect to plaintiffs. Defendants argue that, to lift the restrictive covenants, the deed only required that they obtain the release of the three original grantors, or their heirs, and offer to sell the property to the residential owners. Defendants contend that they did not have to obtain releases from the residential owners also.

The trial court did not err.

> "The interpretation of the language in a deed is generally a question of law unless it is so ambiguous that the ordinary rules of construction cannot resolve the ambiguity. (Cit.) The cardinal rule of construction is to ascertain the intention of the parties." *Giddens v. Barrentine*, 264 Ga. 510, 511 (1) (448 SE2d 441) [(1994)].

*Young v. Faulkner*.[3] The deed at issue is not ambiguous. Pursuant to the deed, if the original grantors and other residential owners do not buy the property when offered, its allowable uses can only change

---

[3] *Young v. Faulkner*, 217 Ga. App. 321 (2) (457 SE2d 584) (1995).

from "farming" to "agricultural or recreational." The deed expressly states so: "If [the original grantors] or the [residential owners] fail, decline or refuse to buy, the said property may be used for agricultural or recreational purposes only." Defendants did not obtain a release from the restrictive covenants.

2. Defendants incorrectly contend the deed restrictions are a restraint on the alienation of property or transferability of realty with no time limit and, therefore, are void as a violation of the rule against perpetuities. To the contrary, the rule against perpetuities does not pertain to covenants restricting the land to certain uses. *McKinnon v. Neugent;*[4] *Reeves v. Comfort.*[5]

3. Defendants erroneously contend that plaintiffs are guilty of laches because defendants spent over $23,000 to grade their property before this litigation began. "The principle of laches . . . is based on a complaining party's failure to voice *any objection* while observing the offending party expend large sums of money building a permanent structure in violation of restrictive covenants. [Cits.]" (Emphasis supplied.) *King v. Baker.*[6] This principle stands in contrast to plaintiffs' actions here. After learning of defendants' development plans, plaintiff Huffman told defendants that he opposed the proposed change in use. Although defendants graded the property prior to litigation, grading alone did not violate the restrictive covenants. Plaintiffs filed for an injunction shortly after defendants obtained a residential building permit. The trial court properly found that plaintiffs were not guilty of laches.

4. Defendants argue that, under the equitable principle of "unclean hands," see *Smith Dev. v. Flood*[7] ("[t]hose who seek equity must do equity"), Stutts cannot claim the benefit of the covenants in defendants' deed because he is in violation of restrictive covenants applicable to his own residential property. The unclean hands doctrine bars a litigant from seeking equitable relief if the "misconduct relates directly to the transaction concerning which relief is sought." *Sparks v. Sparks.*[8] In this case, the restrictions in Stutts' deed were made for the benefit of the other residential property owners only and not for the benefit of defendants' agricultural property. Since the covenants in Stutts' deed do not relate to the enforcement of the covenants in defendants' deed, Stutts is not barred from bringing this suit.

5. Defendants raise as error the trial court's denial of their

---

[4] *McKinnon v. Neugent,* 225 Ga. 215, 216-217 (1) (167 SE2d 593) (1969).
[5] *Reeves v. Comfort,* 172 Ga. 331, 334 (157 SE 629) (1931).
[6] *King v. Baker,* 214 Ga. App. 229, 232 (3) (447 SE2d 129) (1994).
[7] *Smith Dev. v. Flood,* 198 Ga. App. 817, 819 (2) (403 SE2d 249) (1991).
[8] *Sparks v. Sparks,* 256 Ga. 788, 789 (2) (353 SE2d 508) (1987).

motion to dismiss plaintiff Huffman as a party, contending that Huffman does not have standing to enforce the restrictive covenants because he acquired his residential property from the common grantors two years before they acquired the agricultural property with the restrictive covenants.

The restrictive covenants at issue give the right to prohibit a change in the use of defendants' property to "any of the owners of any of the other property as shown on plat recorded in Plat Book 4, page 99 in the office of the Clerk of the Superior Court of Floyd County, Georgia"; therefore, the covenant runs with the land. Huffman's property lies within this plat, so it is an express beneficiary of the restrictive covenants. "Where a grantor sells his property with a restriction benefiting his neighbors, the neighbor, as the beneficiary, may enforce it." *Muldawer v. Stribling*.[9] Accordingly, Huffman has standing to enforce the restrictive covenants against defendants.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED OCTOBER 3, 2000.

*Frank H. Jones*, for appellants.

*Brinson, Askew, Berry, Seigler, Richardson & Davis, C. King Askew, Mark M. J. Webb*, for appellees.

---

[9] *Muldawer v. Stribling*, 243 Ga. 673, 676 (256 SE2d 357) (1979).