## A10A1194. HAMPTON ISLAND, LLC v. HAOP, LLC et al.

(702 SE2d 770)

POPE, Senior Appellate Judge.

Defendant Hampton Island, LLC appeals from the trial court's order granting summary judgment to the plaintiffs[1] on their claim for specific performance of a contract for the sale of land. Hampton Island contends that genuine issues of material fact existed as to whether there was adequate consideration for the contract and with respect to its defenses of duress, unclean hands and impossibility. Hampton Island further contends that the trial court lacked equitable jurisdiction to grant specific performance because the plaintiffs had an adequate remedy at law in the form of monetary damages. After reviewing the record in its entirety, we conclude that the trial court correctly granted summary judgment to the plaintiffs and affirm.

> When reviewing the grant or denial of a motion for summary judgment, this Court conducts a de novo review of the law and the evidence. To prevail at summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. Where the movant is the plaintiff, she has the burden of presenting evidence to support her claim and the burden of piercing the defendant's affirmative defenses.

(Footnotes omitted.) *Smith v. Gordon*, 266 Ga. App. 814 (1) (598 SE2d 92) (2004). See OCGA § 9-11-56 (c). Guided by these principles, we turn to the record here.

The dispute in this case centers on two parcels of land located within the Hampton Island Preserve in Liberty County (the "Property"). The plaintiffs originally purchased the Property in 2005 from South Hampton Island Preservation Properties, LLC ("South Hampton"). Although South Hampton agreed to make certain improvements to the Property following the sale to the plaintiffs, South Hampton failed to make the improvements. South Hampton then joined with three other business entities to form Hampton Island Founders, LLC ("Founders"). Founders, in turn, joined another business entity to form defendant Hampton Island, LLC ("Hampton Island"). Hampton Island was managed by a separate company owned and operated solely by Ron Leventhal, who had

---

[1] The plaintiffs in this case are HAOP, LLC; Paul F. Larner; Rosita McKee; Joseph Larner; and Frances W. Larner.

several decades of experience in real estate investment and development.

A dispute arose between the plaintiffs and Hampton Island as to whether Hampton Island could be held liable for South Hampton's breach of its obligation to make improvements to the Property and for certain alleged violations of the federal Interstate Land Sales Full Disclosure Act, 15 USC § 1701 et seq. The plaintiffs informed Leventhal that they planned to sue Hampton Island in federal court if the dispute could not be resolved.

In June 2007, Hampton Island entered into a purchase and sale agreement with the plaintiffs "in order to resolve all of [the plaintiffs'] claims against [Hampton Island] (if any) with respect to the Hampton Island Preserve" (the "Agreement"). Leventhal executed the Agreement on behalf of Hampton Island. It is uncontroverted that Leventhal consulted with legal counsel concerning the potential for litigation with the plaintiffs and in connection with the decision to execute the Agreement. It is likewise uncontroverted that the Agreement was drafted in part by Hampton Island's legal counsel.

Under the terms of the Agreement, Hampton Island agreed to pay $1,000,000 to the plaintiffs in return for title to the Property and relinquishment of the plaintiffs' potential state and federal claims. If Hampton Island defaulted on its payment obligation, the Agreement provided that the plaintiffs had "the right to seek specific performance and damages."

After extending the closing date by payment of certain consideration, Hampton Island failed to purchase the Property. The plaintiffs then commenced this action against Hampton Island seeking specific performance of the Agreement, or alternatively, monetary damages for breach of contract. Hampton Island answered and maintained that the Agreement could not be specifically enforced based upon a lack of adequate consideration, duress, unclean hands, impossibility of performance, and the availability of an adequate remedy at law.[2] The parties cross-moved for summary judgment on the plaintiffs' claim for specific performance. The trial court granted summary judgment in favor of the plaintiffs and against Hampton Island, resulting in this appeal.

1. Hampton Island contends that summary judgment was improper because genuine issues of material fact existed as to whether there was a lack of adequate consideration for the Agreement. See *Saine v. Clark*, 235 Ga. 279, 281 (2) (219 SE2d 407) (1975) (the party seeking specific performance must demonstrate that the consider-

---

[2] Hampton Island also asserted counterclaims that are not pertinent to this appeal.

ation for the contract was adequate). This argument is without merit. Even if one ignores the plaintiffs' promise to forbear suing Hampton Island,[3] it is clear from the record that there was adequate consideration for the Agreement in light of the plaintiffs' promise to convey the Property to Hampton Island. See *Anziano v. Appalachee Enterprises*, 208 Ga. App. 760, 762 (3) (432 SE2d 117) (1993) (conveyance of warranty deed to lots clearly constituted sufficient consideration). The trial court, therefore, committed no error in granting summary judgment in favor of the plaintiffs on the issue of adequate consideration for the Agreement.

2. Hampton Island next contends that summary judgment was improper because genuine issues of material fact existed as to whether the Agreement was procured through duress. According to Hampton Island, the plaintiffs threatened to "smear" its reputation by filing a federal lawsuit that lacked legal merit in order to pressure it into purchasing the Property.[4] Hampton Island claims that word of such a lawsuit would have rapidly spread over the Internet and would have had a drastic economic impact on Hampton Island's other real estate investments, causing a "downward spiral" ultimately resulting in loan defaults and the collapse of those investments. As such, Hampton Island maintains that it was coerced by the plaintiffs into executing the Agreement in order to prevent damaging frivolous litigation that would have caused "economic disaster" to the company by destroying its reputation among investors.

We conclude that, as a matter of law, Hampton Island did not enter into the Agreement as a result of duress.

> Under Georgia law, duress consists of imprisonment, threats, or other acts, by which the free will of the party is restrained and his consent induced. Business compulsion or economic duress involves the taking of undue or unjust advantage of a person's economic necessity or distress to coerce him into making a contract and is recognized as a contractual defense. A duress claim must be based on acts or conduct of the opposing party which are wrongful or

---

[3] See *Rogers v. deMonteguin*, 193 Ga. App. 480, 482 (1) (388 SE2d 10) (1989) (noting that "forbearance to prosecute a legal claim is sufficient consideration to support a contract") (citations and punctuation omitted).

[4] In its appellate brief, Hampton Island broadly asserts that the plaintiffs threatened "to publicly smear the name and reputation of Hampton Island, LLC on the [I]nternet." Hampton Island cites to Leventhal's affidavit and deposition testimony, but neither supports such a broad assertion. Rather, construed most liberally in favor of Hampton Island, Leventhal's testimony established more narrowly that the plaintiffs were aware that word of a federal lawsuit would circulate on the Internet and pointed to this fact of modern life during negotiations to strengthen their bargaining position over the sale of the Property.

unlawful. Georgia courts are reluctant to void contracts, and we have found no Georgia decision voiding a contract on the theory of economic duress. *And, in any event, when the signer of an agreement is sophisticated in business matters and has access to and in fact obtains advice of counsel, the defense of duress is not available to void the contract.*

(Punctuation and footnotes omitted; emphasis supplied.) *Cooperative Resource Center v. Southeast Rural Assistance Project*, 256 Ga. App. 719, 720-721 (569 SE2d 545) (2002).[5] Accordingly, in *Compris Technologies v. Techwerks, Inc.*, 274 Ga. App. 673, 682 (7) (618 SE2d 664) (2005), we held that the uncontroverted evidence showed that a settlement agreement was not procured by duress, even though there was unequal bargaining power between the parties and some unfairness in the negotiations, where the defendants were sophisticated businessmen and made an informed decision to settle rather than pursue other legal remedies based upon the advice of legal counsel.

The present case is similar to *Compris Technologies*. Here, the uncontroverted evidence shows that Leventhal was a sophisticated businessman who consulted with legal counsel before executing the Agreement on behalf of Hampton Island. Leventhal made an informed decision on the advice of counsel to settle any potential claims by the plaintiffs and procure the Property, rather than defend against those claims in court and seek the alternative remedy of attorney fees to the extent that those claims were deemed frivolous. Moreover, legal counsel of both parties participated in the drafting of the Agreement. Given these undisputed facts, Hampton Island could not rely on its defense of duress to void the Agreement. See *Compris Technologies*, 274 Ga. App. at 682 (7); *Cooperative Resource Center*, 256 Ga. App. at 720-722; *Ackerman v. First Nat. Bank of Grady County*, 239 Ga. App. 304, 305 (2) (521 SE2d 221) (1999); *Frame v. Booth, Wade & Campbell*, 238 Ga. App. 428, 430 (2) (519 SE2d 237) (1999). See also *Holtzendorf v. Seckinger*, 195 Ga. App. 177, 183 (1) (393 SE2d 13) (1990) (threat of legal action did not constitute duress); *Anziano*, 208 Ga. App. at 762 (3) (no duress where defendants "could have pursued other legal remedies, even though they may have seemed unattractive," rather than go forward with the

---

[5] We decline Hampton Island's request that we overrule the binding precedent of *Cooperative Resource Center*. Contrary to Hampton Island's assertion, *Cooperative Resource Center* does not conflict with *Swint v. Carr*, 76 Ga. 322, 326 (1886), which involved the entirely different circumstance of an "ignorant and illiterate" defendant who was "duped" into entering into the contract at issue.

sale contract). As we have repeatedly emphasized,

> hard bargaining, by itself, cannot support a duress defense. One may not void a contract on the grounds of duress merely because he entered into it with reluctance, the contract was very disadvantageous to him, the bargaining power of the parties was unequal, or there was some unfairness in the negotiations preceding the agreement.

(Footnotes omitted.) *Cooperative Resource Center*, 256 Ga. App. at 721-722. It follows that the trial court correctly granted summary judgment in favor of the plaintiffs on Hampton Island's duress defense.

3. Hampton Island also contends that summary judgment was improper because genuine issues of material fact existed as to whether the plaintiffs had unclean hands. We disagree.

Georgia law provides that a party can be barred from obtaining the equitable relief of specific performance if he is guilty of unclean hands. See *Matrix Financial Svcs. v. Dean*, 288 Ga. App. 666, 669 (1) (b) (655 SE2d 290) (2007). Under that doctrine, "[h]e who would have equity must do equity and must give effect to all equitable rights of the other party respecting the subject matter of the action." OCGA § 23-1-10. The unclean hands doctrine

> has reference to an inequity which infects the cause of action so that to entertain it would be violative of conscience. It must relate directly to the transaction concerning which complaint is made. The rule refers to equitable rights respecting the subject-matter of the action. It does not embrace outside matters.

(Citation omitted.) *Clawson v. Intercat, Inc.*, 294 Ga. App. 624, 628-629 (3) (669 SE2d 671) (2008). See also *Simpson v. Pendergast*, 290 Ga. App. 293, 298 (2) (b) (659 SE2d 716) (2008); *Gibson v. Huffman*, 246 Ga. App. 218, 220 (4) (540 SE2d 222) (2000).

(a) Hampton Island first argues that there was evidence of unclean hands because the plaintiffs coerced Hampton Island to enter into the Agreement. In this respect, Hampton Island relies upon the same arguments it raised with respect to its defense of duress. For the reasons discussed in Division 2, the uncontroverted evidence of record shows that Hampton Island was not coerced to enter into the Agreement but rather made an informed decision to do so on the advice of legal counsel. As such, Hampton Island's argument is unavailing.

(b) Hampton Island next argues that there was evidence of

unclean hands in that the plaintiffs "collude[d]" with the former owners and managers of South Hampton to "undermine" the position of Hampton Island. While there is deposition testimony in the record reflecting that the principal negotiator for the plaintiffs spoke with former owners and managers of South Hampton, there is no evidence of collusion or other nefarious conduct between those individuals aimed at undermining or harming Hampton Island in any manner. "Guesses or speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact for consideration on summary judgment." (Citation and punctuation omitted.) *John Hewell Trucking Co. v. Brock*, 239 Ga. App. 862, 864 (522 SE2d 270) (1999).

(c) Hampton Island further argues that there was evidence of unclean hands based upon Leventhal's testimony that during the course of this litigation, the plaintiffs attempted to have a third-party business avoid its contractual obligation to pay certain sums owed to Hampton Island. The alleged inequitable conduct, however, must "relate[ ] directly to the transaction concerning which relief is sought," not some outside matter unrelated to the subject matter of the litigation. (Citation and punctuation omitted.) *Gibson*, 246 Ga. App. at 220 (4). The plaintiffs' alleged attempt to have a third-party business avoid its separate contractual obligation owed to Hampton Island does not relate to the enforcement of the Agreement. Hence, the plaintiffs' alleged misconduct cannot bar specific performance in the instant action. See *Clawson*, 294 Ga. App. at 628-629 (3); *Simpson*, 290 Ga. App. at 298 (2) (b); *Gibson*, 246 Ga. App. at 220 (4).

4. In addition, Hampton Island contends that summary judgment was improper because genuine issues of material fact existed as to its defense of impossibility of performance. In this regard, Hampton Island emphasizes that Leventhal testified that Hampton Island does not currently have the cash on hand to purchase the Property for the contract sales price.[6]

Hampton Island's impossibility defense predicated on purported financial inability fails as a matter of law.

> It is generally well settled that subjective impossibility, that is, impossibility which is personal to the promisor and does not inhere in the nature of the act to be performed, does not excuse nonperformance of a contractual obligation. Accordingly, the fact that one is unable to perform a contract

---

[6] During his deposition, Leventhal refused to answer questions concerning whether Hampton Island had any lines of credit or assets available that could be used for the purchase of the Property.

because of his inability to obtain money, whether due to his poverty, a financial panic, or failure of a third party on whom he relies for furnishing the money, will not ordinarily excuse nonperformance, in the absence of a contract provision in that regard[.]

(Citation and punctuation omitted.) *Bright v. Stubbs Properties*, 133 Ga. App. 166, 166-167 (210 SE2d 379) (1974). See *Calabro v. State Med. Ed. Bd.*, 283 Ga. App. 113, 115 (1) (640 SE2d 581) (2006); John K. Larkins, Jr., Ga. Contracts: Law and Litigation § 11-4. Accord *Scott v. Hussmann Refrigeration*, 183 Ga. App. 39, 40-41 (2) (357 SE2d 860) (1987); *Phillips v. Marcin*, 162 Ga. App. 202, 204 (1) (a) (290 SE2d 546) (1982). Hampton Island's alleged inability to pay therefore could not serve as a basis for its defense of impossibility, and the trial court properly granted summary judgment to the plaintiffs in this respect.[7]

5. Lastly, Hampton Island contends that the trial court lacked equitable jurisdiction to grant specific performance because the plaintiffs had an adequate remedy at law in the form of monetary damages. Again, we disagree.

"Specific performance of a contract, if within the power of the party, will be decreed, generally, whenever the damages recoverable at law would not be an adequate compensation for nonperformance." OCGA § 23-2-130. It is well established that monetary damages are not an adequate legal remedy where, as here, the contract sought to be enforced involved the sale of unique real property. See, e.g., *Black v. American Vending Co.*, 239 Ga. 632, 634 (2) (238 SE2d 420) (1977) (noting that "the law regards [the sale or lease of real property] as sufficiently unique that equity will enforce a contract for its sale or lease"); *F. & W. Grand &c. v. Eiseman*, 160 Ga. 321, 331 [(7)] (127 SE 872) (1925) (courts will decree specific performance of a contract for the sale of real property "as a matter of course").

*Forsyth County v. Waterscape Svcs.*, 303 Ga. App. 623, 637 (4) (b) (694 SE2d 102) (2010). This rule applies equally in cases such as the present one where specific performance is sought by the seller rather than the purchaser of the land. See *Lewis v. Trimble*, 151 Ga. 97 (1) (106 SE 101) (1921) (specific performance of a contract for the sale of

---

[7] *Hughes v. Great Southern Midway*, 265 Ga. 94, 96 (2) (454 SE2d 130) (1995), discusses the judicial remedies available if a defendant ultimately fails to comply with a decree for specific performance requiring the purchase of property by a date certain.

land "may be compelled at the instance of the vendor as well as that of the vendee"). See also Daniel F. Hinkel, Pindar's Georgia Real Estate Law and Procedure with Forms, § 18-36 (6th ed. 2004) ("[I]t is well settled that a vendor may be entitled to specific performance of the contract equally with the purchaser."). Furthermore, the Agreement specifically provided that in the event that Hampton Island defaulted on its payment obligation, the plaintiffs had the right to seek specific performance. Cf. *Lemans Assocs. L. P. v. Lemans Apts.*, 268 Ga. 396 (1) (489 SE2d 831) (1997) (plaintiff entitled to seek equitable relief of appointment of receiver where equitable relief was expressly authorized by the contract in the event of a breach).[8] For these reasons, the trial court correctly determined that the plaintiffs did not have an adequate remedy at law.

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED OCTOBER 21, 2010 — ▮▮▮▮▮▮

*Hunter, Maclean, Exley & Dunn, Christopher W. Phillips*, for appellant.

*Weiner, Shearouse, Weitz, Greenberg & Shawe, William G. Glass, Anthony R. Casella*, for appellees.

---

[8] Hampton Island asserts that the plaintiffs' principal negotiator conceded in his deposition that the plaintiffs would be made whole if they "were to receive as compensation the difference between the [Agreement] sales price . . . and the current fair market value of the Property (which would have to be proven)." Having reviewed the negotiator's deposition, we conclude that the record does not support Hampton Island's assertion.