**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

July 02, 2012

# In the Court of Appeals of Georgia

A12A0137. HAMPTON ISLAND, LLC v. HAOP, LLC et al.

BLACKWELL, Judge.

Several years ago, Hampton Island, LLC contracted to purchase some land in Liberty County, but it failed to follow through and close the transaction. The sellers sued, and the court below entered a decree of specific performance, enjoining Hampton Island to fulfill its contractual obligation to buy the land for $1,050,000. In *Hampton Island v. HAOP* ("*Hampton Island I*"), 306 Ga. App. 542 (702 SE2d 770) (2010), we affirmed the entry of that decree, but we anticipated that Hampton Island still might not comply with the decree, and so we noted that *Hughes v. Great Southern Midway*, 265 Ga. 94 (454 SE2d 130) (1995), identifies a remedy for the failure to comply with such a decree. *Hampton Island I*, 306 Ga. App. at 548 (4), n.7. As we anticipated, that is exactly what happened.

Following our decision in *Hampton Island I*, Hampton Island notified the sellers that it would not comply with the decree, and the sellers then filed a motion for contempt. The court below found that Hampton Island was in contempt of the decree, and it converted the decree of specific performance into a judgment against Hampton Island for money damages,[1] the remedy identified in *Hughes*. Hampton Island now appeals from that judgment, contending that its failure to comply with the decree was a result of its limited financial resources and was not, therefore, wilful and that the conversion of the decree into a judgment for damages was improper in any event.[2] Finding no error, we affirm.

_____

[1] The judgment is for $1,050,000, the amount of the contractual purchase price. In its judgment, the court ordered that the sellers convey title to the land to Hampton Island upon satisfaction of the judgment.

[2] On appeal, Hampton Island also claims that the decree was not certain and definite enough to form the basis for a finding of contempt and that the court below did not give Hampton Island sufficient notice of the contempt hearing. These claims of error are, however, completely without merit and do not warrant much discussion. As to the definiteness of the decree, Hampton Island said nothing about that in its response to the motion for contempt or at the hearing. It has failed, therefore, to preserve that issue for appellate review. *Old Stone Co. v. Hughes*, 284 Ga. 259, 260 (2) (663 SE2d 667) (2008). About notice of the hearing, Hampton Island was served with the motion for contempt and rule nisi more than a month before the hearing. And in any event, Hampton Island responded in writing to the motion for contempt, appeared at the hearing to argue its case, never complained about the notice it had received, and never asked for a continuance. That issue too is not properly preserved for appellate review.

2

1. About wilfulness, Hampton Island says that its failure to comply with the decree of specific performance was not wilful because it just did not have enough money to do so. Indeed, this Court has said that limited financial resources sometimes may be a defense to contempt, but only when it is proved that the person to be held in contempt has exhausted all of the resources and assets available to him, has made a diligent and good faith effort to comply with the court order that is the basis for the contempt, and nevertheless is without sufficient means to comply. *Cross v. Ivester*, ___ Ga. App ___ (Case No. A12A0318, decided May 5, 2012). The person to be held in contempt bears the burden of proving these things. See id.

To show that it did not have the financial resources to specifically perform its contractual obligation to purchase the land, Hampton Island submitted two affidavits, in which its president asserted that, other than money lent to it by banks for other specified purposes, Hampton Island did not have enough money to fulfill the order for specific performance. But Hampton Island presented no business records—balance sheets, lists of assets, or detailed financial data—to back up these assertions, and it failed to show that it was without the means to at least make a

3

partial payment to the sellers.[3] In *Hamilton Capital Group v. Equifax Credit Information Services*, 266 Ga. App. 1, 4 (1) (596 SE2d 656) (2004), we said that such conclusory affidavits—the affidavit in that case said that the party to be held in contempt "lacks the ability to pay the amount claimed"—are insufficient to carry the burden to show an inability to comply. Id. Considering the insufficiency of the affidavits and that Hampton Island apparently is not in bankruptcy, owns numerous properties, and continues to operate as a business, the evidence, we think, is sufficient to sustain the finding of wilful contempt.

2. About the propriety of converting the decree of specific performance into a judgment for money damages, that is precisely the remedy for contempt that the Supreme Court approved in *Hughes*. The facts of *Hughes* are much like those presented here, inasmuch as Hughes agreed to purchase real estate but did not perform, the trial court ordered specific performance but Hughes did not comply, and

---

[3] We also note that, although the affidavits attest that Hampton Island has repeatedly and unsuccessfully tried to get loans from various sources in recent years, the affidavits show that at least one bank agreed to loan money to Hampton Island to close the purchase of the land at issue, but the bank was closed before that loan materialized. Moreover, the affidavits attest in conclusory fashion that "no known lender is willing" to make a "customary commercial loan secured solely by [that land]," but, other than the banks that subsequently were closed, the affidavits name only one lender that Hampton Island approached for purposes of inquiring about such a "customary commercial loan."

upon a contempt motion, the court awarded a money judgment in the principal amount plus interest. *Hughes*, 265 Ga. at 95-96. As the Supreme Court explained in that case, "[t]o the extent this order did not alter the amount Hughes was obligated to pay under [the earlier specific performance] order, it was not an impermissible modification of a final judgment[,] but became necessary only because Hughes refused to obey the first decree." Id. at 96 (2) (citation and punctuation omitted). Similarly, in the present case, because the trial court ordered the amount that was already due under the order granting summary judgment, the modification was not impermissible. For these reasons, we affirm the judgment below.

*Judgment affirmed. Mikell, P. J., and Miller, J., concur.*