McMillian, Judge.
After the trial court partially set aside a final divorce decree and judgment on the grounds that the husband had only agreed to its terms because the wife had threatened to disclose the husband's affair to his employer, both parties appealed. The wife contends that there was no duress as a matter of law and that the divorce decree should have been upheld while the husband asserts that because of the duress the entire divorce decree should have been set aside, not just the portions addressing the custody of the children. Because our Supreme Court has held that a judgment may only be set aside for duress when the complaining party was prevented from asserting a defense and the husband had the opportunity to appear and raise any defenses before entry of judgment, the trial court erred in partially setting aside the judgment.
Sean Rowles (the "Husband") and Roberta Rowles (the "Wife")[1] were first married in 2005. They had two children during the time they were married and then divorced for the first time in February 2012 ("First Divorce").[2] They remarried in November 2012, but then they divorced again in July 2014 after the Wife found out about the Husband's continuing infidelity with a co-worker ("Second Divorce"). In January 2016, the Husband filed a petition for contempt based on the Wife's alleged failure to abide by the terms of the visitation provisions of the Second Settlement Agreement incorporated into their Second Divorce Decree. A few weeks later, the Husband also filed a motion to set aside the judgment, alleging that he agreed to the terms of the Second Settlement Agreement [3] *591 under duress due to the Wife's threats to expose his extra-marital affairs to his boss and others, which could have resulted in his termination from his job.[4]
The trial court held a hearing on the motion to set aside,[5] during which the Husband, the Wife, and three other witnesses testified. The Husband testified that he entered into the Second Settlement Agreement because he thought that he would lose his job and deferred compensation if the Wife told his employer about the affair. Further, the Husband testified that it was only after the Wife ceased allowing him to visit with his children that he sought the aid of an attorney and filed the petition for contempt and motion to set aside, and that as of the date of the hearing he had not seen his children in six months although previously he had seen them every few weeks if not more frequently.
Subsequently, the trial court granted the motion to set aside as to the custody, parenting time, and visitation provisions of the Second Settlement Agreement but denied the motion as to the remaining financial portions of the agreement.[6] After the trial court held a five-day trial on the issues of custody, child support, and visitation, the trial court entered a "Final Order" awarding sole legal and physical custody of the children to the Husband. The Wife was granted supervised visitation for six months and then unsupervised visitation thereafter. The Wife was also required to pay child support to the Husband.
The Wife filed a motion for new trial, which she twice amended. The trial court denied the motion but entered an amended final order in which it granted the Husband's motion to relocate the children to Maryland, among other things. Later, the trial court granted the Husband's motion for attorney fees and awarded him $112,189.10 in attorney fees and expenses under both OCGA §§ 19-6-2 and 9-15-14 (b). These appeals followed.
Case No. A19A0467
1. The Wife first argues that the trial court lacked jurisdiction to rule on the motion to set aside because it was not filed in the same term in which the judgment was rendered and was not filed as a separate action.
Motions to set aside are governed by OCGA § 9-11-60, and subsection (f) specifically sets out a three-year time limit for bringing a motion to set aside based on fraud under OCGA § 9-11-60 (d) (2), such as the one filed by the Husband in this case.[7] The Husband's motion, which was filed within two years of the entry of the Second Divorce Decree, was thus timely. See Jones v. Jones , 298 Ga. 762, 765 (1), 787 S.E.2d 682 (2016) ("Except for those alleging lack of jurisdiction, [a motion to set aside under OCGA § 9-11-60 ] must be made within three years of the entry of the challenged judgment.").
The record also belies the Wife's contention that the trial court lacked jurisdiction to rule on the motion because it was improperly filed as part of a contempt action. Here, the Husband filed the motion to set aside in *592 the court that rendered the Second Divorce Decree under the same civil action case number. The fact that the Husband's contempt petition was filed before the motion to set aside and also as part of that same civil action does not mean, as the Wife seems to argue, that the motion to set aside was filed as a motion in a separate contempt action. Although the Wife points to the language in subsection (a) that "judgments shall be subject to attack only by a direct proceeding " that does not mean the Husband was required to file a separate lawsuit to set aside the decree.[8] See Buttacavoli v. Owen, Gleaton, Egan, Jones & Sweeney LLP , 331 Ga. App. 88, 91 (1), 769 S.E.2d 794 (2015) ("If one is dissatisfied with a judgment one does not merely file a new action against the other party or his counsel. ... Instead, one must attack the prior judgment by a direct proceeding in the trial court where the prior suit was litigated.") (citation omitted); see generally Ramchandani v. State Bank & Trus. Co. , 324 Ga. App. 235, 241 (2), n.18, 749 S.E.2d 797 (2013) (a party cannot collaterally attack a non-void judgment "in a separate lawsuit, but could only attack the order through a direct proceeding brought in the trial court that entered the judgment, pursuant to OCGA § 9-11-60 (b) and (d)."). Accordingly, this enumeration of error is without merit.
2. Turning to the merits,[9] the Wife asserts that the trial court erred by setting aside the Second Divorce Decree on the grounds that the Husband had executed the Second Settlement Agreement under duress. We agree.
"Duress is but a species of fraud where one is induced contrary to one's will from presenting a defense to a suit." (Citation omitted.) Frost , 235 Ga. 672, 674 (2), 221 S.E.2d 567 (1975). "Under Georgia law, duress consists of imprisonment, threats, or other acts, by which the free will of the party is restrained and his consent induced." Hampton Island, LLC v. HAOP, LLC , 306 Ga. App. 542, 544 (2), 702 S.E.2d 770 (2010). "A duress claim must be based on acts or conduct of the opposing party which are wrongful or unlawful. Georgia courts are reluctant to void contracts, and we have found no Georgia decision voiding a contract on the theory of economic duress." Id. at 544-45 (2), 702 S.E.2d 770.
But the appeals in this case concern a judgment that was set aside because of duress, not just a contract. Under these circumstances, our Supreme Court has imposed an additional requirement for setting aside a judgment: "Before ... a judgment will be set aside for duress, it must appear that the complainant had a good defense which [he] was prevented from asserting at the original hearing or trial." Frost , 235 Ga. at 675 (2), 221 S.E.2d 567. In Frost , the Supreme Court remanded the case to determine if the wife, who was threatened with loss of custody of her young child, had signed a waiver of service and had not received notice of the divorce proceedings, which would have prevented her from appearing and asserting any available defenses. Id. at 675-76 (2), 221 S.E.2d 567. See also Keith v. Keith , 231 Ga. 230, 232 (2), 200 S.E.2d 891 (1973) (divorce decree set aside where wife was prevented from retaining counsel to protect her interests due to the husband's fraud and misrepresentation and evidence also showed husband beat wife and children in order to have them comply with his wishes).
Here, the Husband repeatedly testified that he acquiesced to the Wife's demands *593 and signed the Second Settlement Agreement because he was afraid of losing his job and significant amounts of deferred compensation, and the trial court found that the Wife made the threats to gain a financial advantage.[10] But the record also shows the Husband not only participated in the proceedings, he and the Wife actually meditated the custody and visitation portions of the Second Divorce Decree Agreement that the trial court found were the product of duress,[11] and he testified that prior to the Wife abruptly cutting off visitation, he believed they were broadly following the parenting plan they had agreed to during the meditation. Further, the Husband does not point to a good defense that he was prevented from asserting, and the trial court essentially found as much by noting that it was the Husband's own conduct and not duress that brought about the unfavorable financial provisions of the Second Divorce Agreement. Thus, due to the Husband's own actions, he found himself in an unfavorable and disadvantageous bargaining position during the Second Divorce Proceedings and the fact that the Wife had the upper hand does not mean the resulting agreement and judgment were subject to being set aside.
And despite the surface similarity in some of the facts, Young v. Young , 188 Ga. 29, 34 (3), 2 S.E.2d 622 (1939) does not compel a different result. First, as to the facts, the wife's threats in Young were two-fold - to attempt to have husband fired from his job and to harm the couple's child. However, unlike here, the wife's threat to have her husband fired from his job was not based on threats of disclosing truthful information, but getting her father to "unlawfully interfere" with her husband's position and get him fired. Id. at 37, 2 S.E.2d 622. And the procedural differences in the case are also important. In this case, we are reviewing an order partially granting a motion to set aside a judgment, whereas in Young , the question was whether the denial of the wife's demurrer to the husband's equitable complaint should be upheld. Thus, in Young, we were merely deciding whether the case could go forward, and in answering that question in the affirmative, we noted that while the allegations of the complaint were sufficient to withstand the demurrer, the facts of duress were not "exceedingly strong." Id. at 36-37, 2 S.E.2d 622. Finally, unlike in Young , the Husband in this case appeared and participated in the Second Divorce Proceedings, and was not prevented from appearing to put forth a defense.
Based on the foregoing, the Second Divorce Decree was not subject to being set aside due to duress. Accordingly, the trial court's order setting aside the Divorce Decree must be reversed.[12]
3. The Wife also argues that the trial court erred by awarding attorney fees. "As a general rule, Georgia law does not provide for the award of attorney fees even to a prevailing party unless authorized by statute or by contract." (Citation and punctuation omitted.) Cothran v. Mehosky , 286 Ga. App. 640, 641, 649 S.E.2d 838 (2007). Here, the Husband sought, and the trial court awarded, attorney fees under both OCGA §§ 9-15-14 and 19-6-2. We turn first to the award under OCGA § 19-6-2.
OCGA § 19-6-2 (a) authorizes attorney fees against either party, upon consideration of their financial circumstances, where *594 "the action is for alimony, divorce and alimony, or contempt of court arising out of either an alimony case or a divorce and alimony case[.]" See also Viskup v. Viskup , 291 Ga. 103, 107 (3), 727 S.E.2d 97 (2012). An award of attorney fees under OCGA § 19-6-2 is not predicated on the wrongdoing of either party. Cothran , 286 Ga. App. at 641, 649 S.E.2d 838. Here, both parties filed petitions for contempt of the original decree and both sought attorney fees. The transcript from the hearing on the motion for fees shows that the issues related to the various motions, both the motion to set aside and the petition for contempt, had been decided by the time the attorney fee award was entered, and the record leaves little room for doubt that the various issues in this case had become intertwined. Further, the trial court made its order to reimburse fees and expenses incurred "during this litigation" and did not limit the award to the motion to set aside, and the trial court properly considered the parties' relative financial positions in awarding fees under OCGA § 19-6-2. We will not disturb that finding absent an abuse of discretion, which we do not find here. Accordingly, the fee award was authorized under OCGA § 19-6-2. Waits v. Waits , 280 Ga. App 734, 737, 634 S.E.2d 799 (2006) (award of attorney fees under OCGA § 19-6-2 authorized when declaratory judgment action was "part and parcel" of contempt action); see also McDonough v. O'Connor , 260 Ga. 849, 850, 400 S.E.2d 310 (1991) (trial court had discretion to award attorney fees incurred in modification of divorce decree under OCGA § 19-6-2 when the underlying action also was for contempt of divorce decree).
However, that does not end our analysis because by its plain terms, OCGA § 19-6-2 authorizes only an award of attorney fees, and the trial court also awarded the reimbursement of other expenses in its order. We, thus, must examine whether those expenses may have been authorized under OCGA § 9-15-14 (b).[13] Here, the trial court found that the Wife's behavior in alienating the children, her refusal to allow the Husband to visit with the children, and her unfounded allegations of child abuse had greatly expanded the litigation, were substantially lacking in justification, and were interposed for delay and harassment. Although those findings were supported by the record, the trial court did not go on to make a finding as to how the award was limited to the prohibited conduct. See Roylston v. Bank of America, N. A. , 290 Ga. App. 556, 562-63 (2), 660 S.E.2d 412 (2008) ("In cases involving OCGA § 9-15-14 (a) or (b), the trial court must limit the fees award to those fees incurred because of the sanctionable conduct. Lump sum attorney fees awards are not permitted in Georgia.") (citation and punctuation omitted.). Accordingly, the award must be vacated to the extent expenses other than attorney fees were awarded, and the case remanded for further proceedings consistent with this opinion.
4. Based on our holding in Division 2, the Wife's remaining enumerations of error are moot, and we need not consider them.
A19A0719.
5. Based on the foregoing, the errors raised in the Husband's appeal in A19A0719 are moot.
Judgment affirmed in part, reversed in part, vacated in part, and case remanded with direction.
Goss, J., concurs. McFadden, P.J., concurs fully in Division 1 and dissents in Divisions 2, 3, 4, and 5.*
* DIVISIONS 2, 3, 4, AND 5 OF THIS OPINION ARE PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2.

Following our grant of their applications for review, the Husband and Wife each timely filed notices of appeal to this Court. The Wife's appeal was docketed in this Court as Case No. A19A0467, and the Husband's appeal was docketed as Case No. A19A0719. We have consolidated these appeals for our review.

Both parties state in their briefs on appeal that they were first divorced in October 2011, but the record shows that the final judgment of divorce was not entered until February 2012. This discrepancy appears related to the divorce law of Rhode Island where the first divorce was entered and is not relevant to this appeal.

Among other things, under the Second Settlement Agreement, the Wife received 60 percent of the parties' assets, 100 percent of the proceeds of the sale of their Georgia residence, and about $300,000 in stock options. The Agreement also required the Husband to pay the Wife 60 percent of his salary "[f]or the rest of his working career[.]"

At the time, the Husband was Chief Operating Officer at Citizens Bank and stood to lose approximately $3 million dollars in deferred compensation if he were fired. The Wife disputes making threats to expose his affairs to his employer.

The parties agreed that a hearing on the contempt petition would be held at a later date, pending evaluation of the children by an expert.

The trial court also entered an order on the Husband's contempt petition, finding that it was in the minor children's best interests for the Husband to have supervised visitation while the case was pending. Although not the subject of this appeal, the Wife also filed a petition for contempt, which the trial court denied.

Subsection (f) provides in pertinent part: "A judgment because of lack of jurisdiction of the person or subject matter may be attacked at any time. ... In all other instances, all motions to set aside judgment, shall be brought within three years from entry of the judgment complained of."

OCGA § 9-11-60 (e) now expressly prohibits the use of a complaint in equity to set aside a judgment. This is a change from the former law. See Lee v. Restaurant Mgmt. Svcs . 232 Ga. App. 902, 503 S.E.2d 59 (1998) ; Ga. L. 1986, p. 295. Further, subsection (f) provides that a motion to set aside may be served by the same means as a complaint "if it cannot be legally served as any other motion." This is also a change from the former law, which required a separate complaint and proper service for a complaint in equity. See Ga. Code Ann. § 81A-160 (f) (1966).

Both parties agree that the trial court was not authorized under OCGA § 9-11-60 (d) (2), to set aside only part of the final divorce decree, the dispute being whether the court should have set aside all or none of it. However, because we reverse the trial court's order on the merits, it is unnecessary for us to parse the issue of the trial court's authority to set aside only part of a divorce judgment.

We note that it has long been held that "[a] threat of causing the defendant to lose his job or his fear of such loss is not duress which would void the contract," when the threat is not otherwise wrongful or unlawful. Atlanta Life Ins. Co. v. Mason , 89 Ga. App. 319, 321, 79 S.E.2d 352 (1953). But we need not definitively decide whether the Wife's threats amounted to duress because even if considered to be duress, the Husband has failed to show that he was precluded from asserting a defense as a result.

The trial court noted in the order on the motion to set aside that the Second Divorce Decree purported to incorporate a parenting plan but that it was not in the record.

We would caution that our holding should not be read too broadly, and nothing in our opinion should be read to prevent the Husband from seeking a modification of custody or visitation or the trial court from modifying custody or visitation based on the best interest of the children. Our holding is simply that the Second Divorce Decree was not subject to being set aside due to duress.

OCGA § 9-15-14 provides:
In any civil action in any court of record of this state, reasonable and necessary attorney's fees and expenses of litigation shall be awarded to any party against whom another party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position.